THOMAS, Justice.
The petition for certiorari constitutes a challenge of respondent’s order No. 5348 granting White Bus Company as a common carrier a certificate of Public Convenience and Necessity for the transportation by bus of school children between the ages of five and 13 among points in Dade, Broward and Palm Beach Counties over Sunshine State Parkway, U. S. Highway No. 1 and State Road No. 441. The authority was conditioned upon the applicant’s submitting and obtaining the approval of schedules to be observed and rates to be charged.
The petitioners had protested the original application on the ground that it was obscure, but hearing was held on the application by an examiner who recommended that it be granted without “charter rights” and subject to the restriction we have already mentioned which was imbedded in the final order. The recommendation, too, was attacked on the ground of vagueness. The Commission at first denied the application, then on reconsideration entered the final order we first described.
We understand that by the present attack the petitioners are claiming that the Commission wandered from the essential requirements of law on the way to their ultimate decision because the requirement in Sec. 323.03(1), Florida Statutes of 1961, F.S.A., that the application contain the proposed time schedule of operation was not followed, and no schedule was before the Commission at the time of decision. Absence of this information, insist petitioners, precluded the Commission from assuming jurisdiction of the matter.
In support of their petition for certiorari the petitioners cite the opinion of this court in Florida Motor Lines Corporation v. Douglass, 150 Fla. 1, 7 So.2d 843, in which it was held that although the jurisdiction of the Commission must be invoked, as the statute provides, the Commission was not “entirely without jurisdiction” because of the failure of the applicant to incorporate in its application the proposed time schedule, *319 since the information was furnished during the hearing and was therefore before the Commission when it “assumed to adjudicate the application.” The court commented that the lack of such intelligence had prejudiced no one. It would seem, then, that absence of the jurisdictional prerequisite at the outset may be cured by supplying it during the hearing.
The respondents dismiss this contention with the assertion that in the instant case the Commission did have before the determination of the application the time schedule required by the statute and direct us to the record of the testimony of the president of the applicant-corporation, White Bus Company, which, it is claimed, corrected the deficiency. He testified the company wished "to take the school children to the Sea-quarium, Crandon Park, the zoo, Parrott Jungle, Red Bird Farm, Monkey Jungle and Clyde Bailey Circus, all in Dade County and to Africa U.S.A. in Palm Beach County, the fartherest point from the base of operations. He stated that he proposed to make one trip a week to Africa U.S.A. “to start off with” at a fare per person of $3.75 or $4. He was not certain about the frequency of the trips to points of interest within Dade County, although it was desired to make them daily. Inasmuch as he had not yet the authority to operate he had not established the number of excursions for any given period, so he stated.
We cannot construe this testimony as a compliance with the statutory provision and we do not believe the Commission so construed it as is evident from the very condition in the final order that the grant of authority was subject to filing and approval of “schedules” and rates, obviously in the future.
The service proposed is unique and quite unlike that involved in the usual common carriage. It might be termed a mobilized baby sitter service. The president of the applicant-company said many persons, including counsellors at hotels, had inquired about such an accommodation. We gather that the counsellors in the hotels, for which, incidentally the Miami area is famous, have the responsibility of keeping their charges entertained and protected from harm or even mischief. When the examiner asked the witness if, when he spoke of counsel-lors, he was speaking of “baby sitters” the reply was that he could use any designation he wished but that “they were officially known as counsellors in the hotels.” The term ‘baby sitter’ has come to have a definite meaning in American life. True, ‘babysit’ is a colloquialism but a very expressive one and may be defined as relating to one who takes care of a child during the temporary absence of its parents. It does not unduly stretch one’s imagination to picture the need for baby sitters in the atmosphere of Miami, Miami Beach and such resorts where every effort is made to keep the guests occupied and very happy. And as such pleasant demands are made on the time of the sojourners the need for someone to take care of their children grows apace.
Although the need for a schedule in such situations seems to have little resemblance to the necessity for time tables in the usual transportation of passengers by bus in which the traveler wishes, and is entitled, to know when he will leave, when he will reach his destination and the route he will travel, no language in the statute warrants a distinction by the Commission. And we can see that if a counsellor, or baby sitter, has on her hands a group of moppets, or small fry, she hopes to keep amused, out of danger, well — and alive against the time when their parents reappear, how appropriate it would be to take them on visits to the places of interest we have already listed. To do so on a fixed schedule would appear to be very difficult because consideration would have to be given to the periods which would be accommodating to the schedules of the parents.
But we cannot fit into the decision of this court in Florida Motor Lines Corporation v. Douglass, supra, the circumstances surrounding the instant case even though we are aware of the peculiar nature of the *320 service to be afforded. In the cited case there seems to have been no schedule but it was held that the Commission was not by the absence of that information completely divested of jurisdiction inasmuch as the intelligence was forthcoming by the time the Commission adjudicated the application. Here the only information before the Commission was the statement of the president of the company that he wished to make daily trips within Dade County and, as we understand it, weekly trips to Broward County. The excuse for not presenting a more definite schedule since he had no authority yet to operate is apparently a feeble one for there immediately arises the question why any schedule could not be as easily devised before receiving authority as afterward.
The respondent says in its brief that it is being “empowered to operate a baby-sitting service in the form of scheduled trips to points of interest” and refers us to testimony of witnesses who supported its assertion of a “need for scheduled trips” to such places. (Italics supplied.) Thus the respondent-applicant seems to be committed to the importance of a schedule yet furnished none either in the application or the testimony. It follows that the order eventually entered contained a condition which should have been by that time an element of the adjudication. In this situation we are impelled to quash the Commission’s order with directions to proceed henceforth in accordance with the statute.
ROBERTS, C. J., and TERRELL, O’CONNELL and CALDWELL, JJ., concur.