485 P.2d 962

**Isaac McDOUGALL, Plaintiff-Appellant,**

v.

**HARTFORD FIRE INSURANCE COMPANY, a foreign corporation, et al., Defendants-Respondents.**

**No. 10628.**

Supreme Court of Idaho.

June 8, 1971.

R. M. Whittier, Whittier & McDougall, Pocatello, for plaintiff-appellant.

Wesley F. Merrill, Merrill & Merrill, trict Court, Bannock County, Gus Carr ford Fire Insurance Co.

J. Blaine Anderson, Furchner & Anderson, Blackfoot, for defendants-respondents, Jodi Jan Davis and Jana Davis Bryson.

PER CURIAM.

This case involves the interpretation of a "business exclusion" provision contained in a standard Homeowners insurance policy. At all times pertinent to the issues herein, appellant McDougall had in force and effect such an insurance policy with the Hartford Fire Insurance Company. The defined premises in the policy were the McDougall home on Sage Drive in Pocatello. McDougall had control of an apartment building at a different address in the city of Pocatello. A young child allegedly sustained injuries from a washing machine on the premises of the apartment house and brought suit against McDougall and others. The facts surrounding said injury and suit are amply set forth and discussed in the recent opinion of this Court, Davis v. McDougall, 480 P.2d 907 (1971).

McDougall made demand upon Hartford for payment of the defense costs involved in that suit and any judgment that might result. Hartford denied coverage on the basis of the "business activities" exclusion contained in the insurance policy. McDougall initiated the present action seeking a declaratory judgment and the trial court found and concluded that the policy afforded McDougall no coverage. We affirm the judgment of the trial court.

The policy under consideration herein contained, among others, the following provisions:

"1. Coverage E—personal liability:
a. Liability: To pay on behalf of the insured, all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the company shall defend any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim or suit as it deems expedient.

\* \* \* \* \* \*

"Section 2 of this policy does not apply

(A) (1) to any business pursuit of an insured except under coverages E and F, activities therein which are ordinarily incident to nonbusiness pursuits,

(2) to the rendering of any professional service or omission thereof, or

(3) to any act or omission in connection with premises, other than as defined, which are owned, rented, or controlled by the insured, but this subdivision (3) does not apply with respect to bodily injury to a residence employee arising out of and in the course of his employment by the insured."

**222**

McDougall contends the above cited language is ambiguous and therefore should be construed strictly against Hartford. It is our opinion that the better view is that expressed in Dieckman v. Moran, 414 S.W. 2d 320 (Mo.1967), wherein it is stated, in pertinent part:

> "The rules of construction of language in insurance policies have been variously stated. 'In the construction of the policy, the rules to be followed are well settled. The policy is a contract. Plain and unambiguous language must be given its plain meaning. The contract should be construed as a whole; but, insofar as open to different constructions, that most favorable to the insured must be adopted. [citations omitted] However, * * * the rule "does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity when none exists." ' [citations omitted]

> "The policy provision here under scrutiny [identical to that of the case at bar] is not ambiguous, as plaintiffs claim. True, it is poorly worded. The intent, however, is clear: business pursuits of the insured are excluded, except activities therein which are ordinarily incident to non-business pursuits. * * * The phrase 'activities therein which are ordinarily incident to non-business pursuits' refers to the previous business exclusion."

The business activities exclusion contained in the policy at bar is not ambiguous and gives plain meaning of its purpose. The record discloses that the portion of the machine causing the injury and owned by McDougall had previously been used in other apartments owned or controlled by McDougall and said machine had no connection with the defined premises in the policy, to-wit: the home of McDougall on Sage Drive. Therefore, the trial court's findings in that regard are supported by substantial and competent, although conflicting, evidence. In such case they will not be set aside. I.C. § 13–219; Byington v. Clover Club Potato & Produce Co., 91 Idaho 165, 418 P.2d 206 (1966); Adair v. Freeman, 92 Idaho 773, 451 P.2d 519 (1969).

The judgment is affirmed. Costs to respondents.