**Helen M. NEAL, Administratrix of the Estate of Rickie Carl Black, Deceased, Appellant,**

v.

**CELINA MUTUAL INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

March 7, 1975.

Rehearing Denied May 23, 1975.

Edward T. Ewen, Jr., William P. Hurley, Jr., Louisville, for appellant.

William A. Miller, Louisville, for appellee.

CULLEN, Commissioner.

A small pistol accidentally fell from Robert McCue's pocket, hit the floor and discharged a bullet, which hit Rickie Carl Black, causing his death. Black's administrator sued McCue for damages for wrongful death, and recovered a judgment for approximately $32,000. The judgment not being satisfied, the administrator brought the instant action against Celina Mutual Insurance Company, asserting liability of that company to pay the judgment under a homeowner's liability policy it had issued to McCue. Among other defenses, Celina relied on a "business pursuits" clause in its policy, which stated that the liability provisions of the policy did not apply.

"* * * to any business pursuits of an Insured, except * * * activities therein which are ordinarily incident to nonbusiness pursuits."

The circuit court, apparently being persuaded of the validity of that defense, entered summary judgment dismissing the complaint. Black's administrator has appealed. We are affirming the judgment because it is our opinion that the accident did occur in the course of McCue's business pursuits.

McCue operated a gasoline service station. Black was one of his employes, customarily working the evening shift, which ended at 10 p. m. On Saturday, November 2, 1968, after the close of business at 10 p. m., Black and two other employes went into the station office for the purpose of receiving their wages for the week and settling up for gasoline and other things the employes had purchased during the week from the station, on credit, for their personal use. McCue and his bookkeeper were there. The procedure was that a check had been drawn to each employe for the amount of his wages; he would endorse the check and give it back to McCue, who would then deduct from the amount of the check the sum owed by the employe and pay him the difference in cash. On the occasion in question one of the employes received his money and left. Black was given his check; he endorsed it and handed it back to McCue, who proceeded with the assistance of the bookkeeper to determine how much cash Black was due after deducting what he owed for gasoline, etc. In the process of giving Black the cash, some change fell on the floor and McCue stooped over to pick it up. It was then that the pistol fell from his shirt pocket and discharged the shot that killed Black.

The appellant administrator argues first that the accidental shooting of the pistol was not incident to the business pursuit of running a service station, in that the shooting of guns is not necessary in the operation of a service station. That argument employs a misconception of the exclusion clause. Of course accidents of any kind are not business pursuits in themselves; the exclusion clause plainly has reference

to accidents that occur *in the carrying on of a business pursuit.*

The appellant's second argument is that the business pursuit of paying wages to Black had ceased at the time of the accident, and the parties then were involved in the purely personal pursuit of settling Black's personal debt to McCue. This argument likewise is without merit. Even if it be considered that the transaction in which Black was being paid his wages less what he owed for gasoline, etc., could be divided into a series of separate transactions, by some kind of second-splitting divider, the fact still would remain that Black's debt to McCue for gasoline, etc., which was being settled at the moment of the accident, was a debt owed to McCue's *business.* Black was a *customer* of McCue's business in that regard, and certainly the collection by McCue of accounts receivable to his business was a business pursuit. The appellant suggests that paying the account was not a business pursuit of *Black's,* but that is not the question; the exclusion clause of the policy refers to business pursuits of the *insured.*

The cases relied upon by the appellant in support of her arguments are not in point. In Jackson v. Lajaunie, La.App., 253 So.2d 540, the gun was pointed and the trigger was pulled *intentionally,* in horseplay, which was held to be a deviation from the business pursuit of operating a filling station. Likewise, in Morrill v. Gallagher, 370 Mich. 578, 122 N.W.2d 687, and in State Farm Fire & Casualty Co. v. National Union Fire Insurance Co., 87 Ill.App.2d 15, 230 N.E.2d 513, the accident occurred in horseplay constituting a deviation from business. The decision in Security National Insurance Co. v. Sequoyah Marina, Inc., 10 Cir., 246 F.2d 830, actually refutes the appellant's argument because it held that although the injured workman (in repairing the insured's pleasure boat) was engaged in a business pursuit as far as he was concerned, the activity was not a business pursuit of the *insured.* So, here, even though the payment of his account was not

a business pursuit of Black's, the collection of the money was a business pursuit of McCue's, the insured. We do not find any applicability at all of Michigan Mutual Liability Co. v. Ferguson, 15 Mich.App. 298, 166 N.W.2d 525, which merely held that shoveling snow from the roof of a building in which a mercantile business was carried on was not in pursuit of the mercantile business.

The judgment is affirmed.

All concur.