This is an action for declaratory judgment to determine coverage under a homeowner insurance policy issued to Mark Stanley. The trial court ruled there was no coverage because the policy "clearly and unambiguously excluded coverage for any loss related to business pursuits on the insured premises."
Alicia Schofield, who was just over one year of age, was injured when she fell backwards on a bed of hot coals in the Stanley home fireplace. At the time of the incident, Mrs. Stanley was in the kitchen preparing lunch for herself, her own children, and the other children for whom she was baby-sitting.
For several months prior to this Mrs. Stanley kept the children of various friends and neighbors in her home during the day. She cared for eight different children, but no more than five at the same time. Mrs. Stanley received three dollars per day for each child as compensation.
At issue is the following policy exclusion:
"This policy does not apply:
 "1. Under Coverage E — Personal Liability and Coverage F — Medical Payments to Others . . . *Page 1032 
 "d. to bodily injury or property damage arising out of business pursuits of any insured except activities therein which are ordinarily incident to non-business pursuits."
The trial court ruled that in caring for children Mrs. Stanley was engaged in a "business pursuit" within the meaning of the policy exclusion. The judgment, however, lacks any reference to whether the injury arose out of "activities therein which are ordinarily incident to non-business pursuits," the exception to the exclusion. Our inquiry is directed to the exception.
The above provision, both exclusion and exception, have been the subject of several court decisions in other jurisdictions. The provision does not lend itself to clarity, resulting in a split of opinion over whether it is ambiguous, with the consensus being that it is poorly worded. See Martinelli v.Security Ins. Co. of New Haven, 490 S.W.2d 427 (Mo.App. 1972);Crane v. State Farm and Cas. Co., 5 Cal.3d 112, 95 Cal.Rptr. 513,485 P.2d 1129 (1971); McDougall v. Hartford Fire Ins. Co.,94 Idaho 220, 485 P.2d 962 (1971); and Gulf Ins. Co. v. Tilley,280 F. Supp. 60, 64-65 (N.D.Ind. 1967); aff'd 393 F.2d 119 (7th Cir. 1968).
The Crane and Tilley cases deal with substantially the same question as we have here and conclude the activity there was within the exception to the exclusion, resulting in coverage.
In Tilley, the exclusionary clause was held inoperative where baby care was furnished for consideration, and the baby sustained burns when she overturned a coffee percolator. The district trial court assumed that the child care was a business pursuit, but characterized insured's coffee brewing for herself and a guest as an activity not connected with baby care, thus ordinarily incident to non-business pursuits. This analysis is questionable. The baby was burned because of the condition on the premises, and the baby's own activity. The business of child care contemplates the exercising of due care to safeguard a child of tender years from household conditions and activities; and, any activity of the insured in this regard from which injury results cannot logically be called an activity ordinarily incidental to a non-business pursuit. In other words, the activity referred to is a failure to supervise rather than making coffee for a third party. Undertaking the business relation of child care for compensation is certainly not ordinarily incident to the conduct of a household.
In Crane the Supreme Court of California reasoned that "indeed, it is difficult to conceive of an activity more ordinarily incident to a noncommercial pursuit than home care of children." We agree with the general ascertain, but disagree with their conclusion that child care for pay is ordinarily a non-business pursuit. It should be remembered that we are not here dealing with a temporary or casual keeping of children, but rather with a more permanent arrangement for an agreed upon compensation. The Supreme Court of California in Crane reversed the Court of Appeals. The Court of Appeals' decision is styled the same and appears in 14 Cal.App.3d 727, 92 Cal.Rptr. 621. It is our view that the Court of Appeals' decision is better reasoned and more properly analyzes the other cases cited than does the opinion of the Supreme Court of California. The facts are strikingly similar to the ones before us. In view of the similarity we will quote liberally from their opinion:
 "`Babysitting' is an occupation in which the babysitter has the responsibility of keeping her infant charges entertained and protected from harm and even mischief. (Tropical Coach Lines, Inc. v. King (1962 Fla.Sup.Ct.) 147 So.2d 318, 319.)
 "The term `babysitting' perhaps is inaptly used to describe the contract for day care for children involved here. In ordinary parlance, the `babysitter' is one employed as a matter of convenience by parents to stay with a child or children, so that they may for a few hours seek their pleasure, or tend to affairs external to the home. This differs from day-in, day-out child care for an indefinite period, as here. *Page 1033 
 "`Business' in its broad sense embraces anything about which a person may be busy, and in its usual sense, signifies an undertaking or calling for gain, profit, advantage or livelihood. While `business pursuit' in some contexts is synonymous with `business,' it more accurately denotes a continued, extended or prolonged course of business or occupation. Child care for compensation as evidenced in this case was much more than a casual accommodation, and was properly found to be a `business pursuit' under the terms of the policy exclusion. (Mansfield v. Hyde (1952) 112 Cal.App.2d 133, 137-138, 245 P.2d 577; Long v. City of Anaheim
(1967) 255 Cal.App.2d 191, 197, 63 Cal.Rptr. 56; cf. Dorrell v. Norida Land Timber Co. (1933) 53 Idaho 793, 27 P.2d 960, 963, reviewing definitions; Fadden v. Cambridge Mutual Fire Insurance Co. (Sup.Ct. 1966) 51 Misc.2d 858, 274 N.Y.S.2d 235, 241; Home Insurance Company v. Aurigemma (Sup.Ct. 1965) 45 Misc.2d 875, 257 N.Y.S.2d 980, 985. These New York trial court cases involve the same exclusionary clause here considered.)
 "It has been held in a variety of contexts that a single day's act, or single transaction does not qualify as a business. We need not explore the ramifications of these definitions, in view of the continuity of the services here contracted for and performed, according to the evidence. The present case does not involve casual babysitting, a temporary arrangement for an hour, a day or an evening, for the convenience of parents. It seems clear that while an individual instance might involve a business arrangement, such would lack the continuity of a `business pursuit.'" 92 Cal.Rptr. at 622.
We are in accord with the several authorities that the exclusionary provision is poorly worded and could have been written with more specificity. Yet when applied to these facts we do not find it ambiguous.
Two questions become pertinent. First, did the injury arise out of a business pursuit? We hold that it did. Second, did the injury arise out of an activity which is ordinarily incident to a non-business pursuit? The activity referred to is not preparing lunch, which would ordinarily be incident to a non-business pursuit, but rather to the failure to properly supervise a young child. Supervising children on a regular basis for compensation is ordinarily a business pursuit.
We are therefore of the opinion that the business exclusion is applicable and the judgment of the trial court is correct.
The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.