**BANKERS STANDARD INSURANCE COMPANY, Appellant,**

**v.**

**Wanda OLWELL, et al., Respondents,**

**Jenny Leajcher, Respondent,**

**Larry E. Walters, et al., defendants and third party plaintiffs, Respondents,**

**Holmbeck & Associates, Inc., third party defendant, Respondent.**

**No. 51213.**

Supreme Court of Minnesota.

Sept. 4, 1981.

Dean K. Johnson, Bloomington, for appellant.

Wayne Hergott, Minneapolis, for Olwell, et al.

J. W. Cragg, Minneapolis, for Leajcher.

Trygve A. Egge, Minneapolis, for Walters, et al.

James Goetteman, Minneapolis, for Holmbeck & Associates, Inc.

AMDAHL, Justice.

This is an appeal from an order of the district court granting defendants' motion for summary judgment. We affirm.

The facts are not in dispute. Defendants Walters owned and occupied with their four children, ages 17, 14, 12 and 10, a home in Brooklyn Park, Minnesota, and were insured under a homeowners insurance policy issued by Bankers Standard Insurance Company (Bankers).

The Walters regularly provided day care at their home each week day for James (age 7) and Mark (age 4), children of defendant Wanda Olwell, and were paid $50.00 per week by Mrs. Olwell for that service. The Walters' home was licensed by the State Welfare Department as a day care center and the Walters concede that they operated the day care activity as a business. On December 5, 1978, James and Mark, while in the Walters' care, ignored instructions to remain in the Walters' yard, wandered into the street and were injured when struck by a vehicle operated by defendant Leajcher.

Bankers instituted this declaratory judgment action seeking a determination that it had no obligation under the policy issued to the Walters to any of the named defendants. Bankers and defendants each moved for summary judgment. The trial court denied Bankers' motion and granted defendants' motion.

The narrow issue is whether the business exclusion clause of the policy or the exception contained in that clause applies. The clause provides:

### EXCLUSIONS

This policy does not apply:

Under Coverage E—Personal Liability...

(d) to bodily injury or property damage arising out of business pursuits of any insured *except activities therein which*

*are ordinarily incident to non-business pursuits.*

(Emphasis added). Bankers asserts that the injuries suffered by the Olwell children arose out of the business pursuits of the insureds and that the activities of the insureds, child care and supervision, were not ordinarily incident to non-business pursuits, therefore making the exclusion from coverage applicable. Defendants agree that the Walters were engaged in a business pursuit but contend that the activities were ordinarily incident to a non-business pursuit.

The "activities" under consideration are the care and supervision of the Olwell children. Similar activities have been found to be incident to non-business pursuits by some courts. *Crane v. State Farm Fire & Casualty Co.*, 5 Cal.3d 112, 485 P.2d 1129, 95 Cal.Rptr. 513 (1971); *Gulf Insurance Co. v. Tilley*, 393 F.2d 119 (7th Cir. 1968). Other courts have found the activities not to be incident to non-business pursuits, *Stanley v. American Fire & Casualty Co.*, 361 So.2d 1030 (Ala.1978); *Peterson v. Highlands Insurance Co.*, 328 So.2d 49 (Fla.1976). In *Crane*, a Mrs. Chamberlain regularly cared for two Crane children while caring for her own children, in return for a payment of cash and groceries. Andrea Crane suffered burns while under the care and supervision of Mrs. Chamberlain. The trial court found that Mrs. Chamberlain was occupied in a business pursuit, child caring, at the time of the accident. The California Supreme Court determined that even if that were true, her activities were incident to non-business pursuits, and held, therefore, that the business pursuits exclusion did not apply.

In *Stanley*, Mrs. Stanley cared for children in her home for $3.00 per day per child. A one-year-old child in her care was injured while Mrs. Stanley was in the kitchen preparing lunch for herself, her own children and the other children under her care. The Alabama court expressly rejected the rationale of the California Supreme Court in *Crane*, concluding:

The activity referred to is not preparing lunch, which would ordinarily be incident to a non-business pursuit, but rather the failure to properly supervise a young child. Supervising children on a regular basis for compensation is ordinarily a business pursuit.

We are therefore of the opinion that the business exclusion is applicable and the judgment of the trial court is correct.

361 So.2d at 1033. Coverage under the policy was denied.

This court has previously interpreted the business pursuits exception to insurance coverage in *Milwaukee Mutual Insurance Co. v. City of Minneapolis*, 307 Minn. 301, 239 N.W.2d 472 (1976). There, a police officer was injured when a gun unexpectedly discharged during an informal explanation of the gun's trigger pull by another officer. We held that the officer's homeowners insurance policy would provide coverage for the injured officer because the insurer had not met its burden of proving that the business pursuits exception applied. It was not proven that the object causing the injury was one that would only rarely, if ever, be used for other than business purposes. We there quoted, with approval, the following excerpt from Frazier, *The "Business Pursuits" Exclusion in Personal Liability Insurance Policies: What the Courts Have Done With It*, 1970 Ins.L.J. 519:

In order for an act to be considered part of a business pursuit it must be an act that contributes to, or furthers the interest of, the business and that is peculiar to it. *It must be an act that the insured would not normally perform but for the business and must be solely referrable to the conduct of the business.*

307 Minn. at 309, 239 N.W.2d at 476 (emphasis added by the court in *Milwaukee Mutual*).

We find the rationale of the California Supreme Court in *Crane* to be more in line with our decision in *Milwaukee Mutual*. The activities in question here are the care and supervision of children. As the *Crane* court stated:

Assuming that the care of the child constituted a business pursuit, such duties under the circumstances presented here were clearly incident to Mrs. Chamberlain's nonbusiness regimen of maintaining a household and supervising her own children. Indeed, it is difficult to conceive of an activity more ordinarily incident to a noncommercial pursuit than home care of children.

5 Cal.3d at 117, 485 P.2d at 1131, 95 Cal. Rptr. at 515. The insureds are, therefore, entitled to coverage under their homeowners insurance policy.

Affirmed.

OTIS, Justice (dissenting).

I cannot agree that the injuries sustained by James and Mark Olwell arose out of activities which were "incident" to nonbusiness pursuits of Mrs. Walter's licensed day care center. When this accident occurred, these children were being cared for at a time and place for the precise purposes for which the business was conducted, and not "incident" to any other activity.

The trial court found the facts to be undisputed. Evangeline Walters regularly cared for the Olwell boys on weekdays from 6:45 a. m. to 5:45 p. m. for which she was paid $50 per week. This is not a case where a housewife with small children at home informally or sporadically agreed to babysit for other parents from time to time. The Walters children ranged in age from 10 to 17 and as school children, except for the summer months, required a minimum amount of daytime attention. On the other hand, the Olwell boys were only four and seven. The accident occurred on December 5, 1978, at 5:45 p. m., a Tuesday. There is nothing in the record to show that Mrs. Walters' children required any particular care during the hours she was attending her day care charges other than to pick up a daughter in her car.

Clearly the business which she was operating had attendant risks of liability for negligent performance, an unusually high risk where small immature children were involved. Had Mrs. Walters sought unrestricted liability coverage it would certainly have been available to her. However, the Walters never disclosed to their insurance agent that Mrs. Walters was operating a licensed day care center.

Quite obviously the exposure of the insurer to business risks was in no way reduced by virtue of the fact that Mrs. Walters had children of her own to look out for, before and after school hours. Indeed it could be argued that the more children she had in her charge the greater her distractions.

I respectfully submit that under the facts of this case there is no ambiguity in the contract and no rational reason for construing the exception to the exclusion to mean that the risks would be greater if Mrs. Walters had no children of her own at home. I would reverse.

PETERSON, Justice (dissenting).

I join in the dissent of OTIS, J.