**Rendell FOSTER and Catherine Ann Foster, Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Dec. 11, 1981.

Supreme Court Opinion and Order Vacating Order Granting Discretionary Review and Remanding to Court of Appeals for Final Disposition Aug. 31, 1982.

B. Frank Radmacher, III, Louisville, for appellants.

C. Dant Kearns, Stites, McElwain & Fowler, Louisville, for appellee.

Before COOPER, HOWARD and WIL-HOIT, JJ.

WILHOIT, Judge.

Catherine Ann Foster and Rendell Foster, her husband, appeal from a judgment of the Jefferson Circuit Court declaring that under the terms of the homeowner's insurance policy issued to them by the appellee, Allstate Insurance Company, coverage was excluded for an injury arising out of Mrs. Foster's activities as a baby-sitter.

The appellee issued a homeowner's insurance policy to the appellants, insuring their new home as of August 12, 1978. The application for this policy indicated that there was no business or professional activity on the insured premises, and, as far as the record discloses, there was none either at the time that the application was made or the policy issued. Sometime during the next month, Mrs. Foster decided to do baby-sitting in her home. After obtaining the necessary permit from the appropriate Jefferson County agency and advertising in a local newspaper, Mrs. Foster began to baby-sit with the infant son of a Mr. and Mrs. Trujillo for $35.00 per week. On May 24, 1979, while in Mrs. Foster's care and at her home, the Trujillo infant was fatally injured when he fell and struck the back of his head on a coffee table in her living room. A negligence action was then brought against Mrs. Foster on account of the infant's death. This action was then

brought by the appellee seeking a declaration of whether the liability coverage of the homeowner's policy issued to the Fosters afforded Mrs. Foster coverage for any liability resulting from the infant's death. The trial court held that coverage was excluded under section 1(d) of the Exclusion to Section II of the policy.

The provision referred to by the trial court states that the liability protection afforded by Section II of the policy does not apply:

(d) to bodily injury or property damage arising out of business pursuits of any Insured except activities therein which are ordinarily incident to nonbusiness pursuits ....

The definition section of the policy defines "business" to include

(a) a trade, profession or occupation, including farming, and the use of any premises or portion of residence premises for any such purposes ....

The appellants argue that at the time at which the infant was injured Mrs. Foster was not engaged in a "business pursuit" as that term is used in the exclusion, and that even if she were, the exclusion does not apply because her activities were such as are ordinarily incident to nonbusiness pursuits. For purposes of this opinion, we shall assume that Mrs. Foster's baby-sitting was a "business pursuit" and focus our attention on the latter part of the appellants' argument.

The exclusion at issue has been the subject of considerable, but not consonant, judicial interpretation. *See, e.g., Robinson v. Utica Mutual Insurance Co.,* 585 S.W.2d 593 (Tenn. 1979), and cases cited in Annot., 48 A.L.R.3d 1096 (1973). It has been interpreted in our own jurisdiction in *Neal v. Celina Mutual Insurance Co.,* Ky., 522 S.W.2d 179 (1975). There, the Court stated that the exclusion "plainly has reference to accidents that occur *in the carrying on of a business pursuit." Id.* at 180–81. It did not, however, interpret the exception found in the exclusion. Read in its entirety and in light of the foregoing case, the exclusion at

first appears by its plain language to provide that an accident which occurs in the carrying on of a business pursuit is excluded from coverage unless that accident occurs while the insured, although engaged in carrying on a business pursuit, is also engaged in activities which are ordinarily incident to nonbusiness pursuits. This is much the same interpretation which has been given to the exclusion by the Supreme Court of California in *Crane v. State Farm Fire and Casualty Co.,* 5 Cal.3d 112, 485 P.2d 1129, 95 Cal.Rptr. 513, 48 A.L.R.3d 1089 (1971), a case factually very similar to that before us, in which the Court found liability coverage for the insured baby-sitter. On the other hand, the Supreme Court of Alabama in *Stanley v. American Fire and Casualty Co.,* 361 So.2d 1030 (Ala. 1978), a case also factually very similar to that before us, seems to have placed a different interpretation on the exclusion, at least insofar as its exception is concerned. In that case, a child was injured by falling into a fireplace while at the home of and under the supervision of her baby-sitter. At the time of the injury, the baby-sitter was preparing lunch for herself, her children, and the children with whom she baby-sat. The Court held that the activity of the baby-sitter which gave rise to the injury of the child was the baby-sitter's failure to supervise the injured child. It concluded that this activity did not fall within the exclusion's exception because "[s]upervising children on a regular basis for compensation is ordinarily a business pursuit." *Id.* at 1033. This interpretation seems to say that an accident which occurs in the carrying on of a business pursuit is excluded from coverage unless the accident occurs while the insured is engaged in an activity which is not ordinarily incident to the business pursuit.

The Alabama Court would have us look to whether the tortious conduct of the insured was conduct ordinarily incident to his particular business pursuit. If this view is correct, then there is plainly no coverage here because supervision of a child is ordinarily incident to baby-sitting or child care. The California Court and our own first reading of the exception would have us look to whether the tortious conduct was conduct ordinarily incident to nonbusiness pursuits, regardless of the fact that it may have been conduct ordinarily incident to the particular business pursuit. If this view is correct, then its effect would be to read the exception as manifesting an intention to provide coverage for ordinary homeowner or domestic activities such as child care even though money might be earned from them. *See Cincinnati Insurance Co. v. Shelby Mutual Insurance Co.,* 542 S.W.2d 822 (Tenn. App. 1975). Each of these interpretations appears reasonable, and the appellee points to no other provisions of the policy or to facts in the record which would require one to be favored over the other.

As can be seen from the foregoing discussion, the exception provision contained in the exclusion leaves some doubt as to its meaning, and it is clearly susceptible to two reasonable interpretations, one of which would be favorable to the insured and one which would not. In such a case, the law in this Commonwealth is that the interpretation favorable to the insured will be adopted. *Koch v. Ocean Accident & Guaranty Corp.,* 313 Ky. 220, 230 S.W.2d 893 (1950); *Webb v. Kentucky Farm Bureau Insurance Co.,* Ky.App., 577 S.W.2d 17 (1978). It is further the law that exceptions and exclusions in an insurance policy should be strictly construed so as to make the insurance effective. *State Automobile Mutual Insurance Co. v. Trautwein,* Ky., 414 S.W.2d 587, 23 A.L.R.3d 1254 (1967); *Davis v. American States Insurance Co.,* Ky.App., 562 S.W.2d 653 (1977).

The judgment of the trial court is reversed, and this case is remanded for entry of a judgment consistent with this opinion.

HOWARD, J., concurs.

COOPER, J., dissents.