The **WESTERN FIRE INSURANCE COMPANY, a corporation,** Appellant,

v.

**William GOODALL, III and Theresa L. Goodall and George D. Johnson and Carol Johnson, Respondents.**

**No. 46406.**

Missouri Court of Appeals, Eastern District, Division Three.

July 19, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied Sept. 15, 1983.

Application to Transfer Denied Oct. 18, 1983.

---

Mark G. Burns, Clayton, for appellant.

David A. Sosne, Clayton, for respondents Johnson.

Thomas B. Weaver, St. Louis, for respondents Goodall.

REINHARD, Judge.

Plaintiff insurance company appeals from a judgment entered on its petition for declaratory judgment to determine coverage under its homeowners policy with respondent Goodall. The action concerns the death of defendants Johnsons' child while under the care of Mrs. Goodall and the applicability of a business pursuits exclusion clause in the Goodalls' policy. We affirm the trial court's holding that the policy supplies coverage.

On May 6, 1980, Mrs. Goodall was babysitting for two small children in her home while caring for her own young daughter. Shortly after she had placed one of the children, ten month old Michael Johnson, in a crib for his afternoon nap she heard a noise from the bedroom in which he slept. She returned to the bedroom and found him lying on the floor. He had apparently fallen out of the crib. He later died from head injuries which he sustained from the fall.

Mrs. Goodall's babysitting jobs were acquired through advertisements which she had placed in a weekly neighborhood newspaper. The ads read "child care in my home [address and phone number]." She, ran the ad twice in September, 1979 and twice in April, 1980. She received one babysitting job from the September ads. She babysat for a small child whose mother attended school. From September, 1977 until sometime in April, 1980 this job was on an irregular part-time basis, but in April the mother started working full-time and Mrs. Goodall began sitting for the child on a regular 40 hour per week schedule. The April ads produced one additional sitting job which began at the end of April. This job was with the Johnsons' child and it lasted only about 10 days, including one full 40 hour week, before the accident on May 6.

Mrs. Goodall's care for the children included playing with them, feeding them, changing diapers, giving them naps and so on. Mrs. Goodall had no special training for the care or instruction of children and her responsibilities did not include educational instruction. In short, Mrs. Goodall did all those things which she normally did for her own child during the day.

Mrs. Goodall charged $1.00 per hour to babysit or $40.00 per week for a 40 hour week. Mrs. Johnson supplied food for Michael who was younger than the other child and Mrs. Goodall's daughter.

Plaintiff brought a petition for a declaratory judgment to establish that it was not liable under its homeowners policy with the Goodalls to defend or pay any claims arising from the injury to Michael Johnson. Plaintiff contends that its liability for the injury is excluded by the following clause in the defendant's policy: "This policy does not apply . . . to bodily injury or property damage arising out of business pursuits of any Insured except activities therein which are ordinarily incident to non-business pursuits." Plaintiff argues that the defendant's babysitting activities constituted a business pursuit under the policy and that Mrs. Goodall's failure to properly care for Michael Johnson does not come within the exception "activities therein which are ordinarily incident to non-business pursuits."

The defendants contend that Mrs. Goodall's "sporadic" babysitting activities did not amount to a business pursuit under the contract and, even assuming they did, that in performing the same activities she normally performed for her daughter Mrs. Goodall was engaged in activities ordinarily incident to a non-business pursuit, within the exception to the business pursuits exclu-

sion. To bolster their position defendants cite the well established rule of insurance contract construction that ambiguities in the contract should be decided in favor of the insured.

The trial court held that Mrs. Goodall's babysitting activities were ordinarily incident to a non-business pursuit and that, therefore, the business pursuits exclusion was inapplicable.

On appeal the parties present the same arguments they made at trial.

In *Dieckman v. Moran,* 414 S.W.2d 320 (Mo.1967), the Supreme Court held that a business pursuits exclusion clause, essentially identical to the clause at issue here, is not ambiguous. The Court stated that, though the clause is worded poorly, its intent is clear: "business pursuits of the insureds are excluded, except activities therein which are ordinarily incident to non-business pursuits."

While *Dieckman* holds that the business pursuits exclusion clause in question is not ambiguous and therefore enforceable, it lends no assistance in deciding which activities are business pursuits or which activities, though within a business pursuit, are normally incident to non-business pursuits. *See Martinelli v. Security Ins. Co. of New Haven,* 490 S.W.2d 427, 430 (Mo.App.1972). The parties agree and our research shows that no prior Missouri case has addressed the problem of applying a "business pursuit" exclusion to babysitting.

The fact that Mrs. Goodall was compensated for her babysitting services does not decide the question of whether she was involved in a business pursuit. In *MFA Mutual Ins. Co. v. Nye,* 612 S.W.2d 2 (Mo. App.1980), this court, with Judge Gunn as author, concluded that a fifteen year old boy who mowed lawns for a $1.25 per hour in order to save for a $175.00 minibike was not engaged in a business pursuit. Though most courts in other jurisdictions which have applied the business pursuits exclusion to babysitters have either held or assumed that the babysitter was involved in a business pursuit, one case has held, and most cases recognize, that babysitting as a mere accommodation to friends, neighbors or relatives or babysitting for pin money is not a business pursuit. *Nationwide Mutual Fire Ins. Co. v. Collins,* 136 Ga.App. 671, 222 S.E.2d 828 (1975); *See* Annot., 48 A.L.R.3d 1096, 1102 (1973). It is not necessary for us to decide if the circumstances present here warrant the finding of a business pursuit since we conclude that the exception to the exclusion applies.

The exception to the exclusion reads: "This policy does not apply ... to ... business pursuits ... except activities therein which are ordinarily incident to non-business pursuits...." The authority in other jurisdictions is split over whether this exception should apply to babysitting activities under circumstances similar to those present here. California, Kentucky, Illinois and Minnesota using differing rationales have held that the exception applies in a babysitting context, and Alabama and Florida have held that it does not. *Crane v. State Farm Fire and Casualty Co.,* 5 Cal.3d 112, 95 Cal.Rptr. 513, 485 P.2d 1129 (1971); *Foster v. Allstate Ins. Co.,* 637 S.W.2d 655 (Ky.App.1981); *Bankers Standard Ins. Co. v. Olwell,* 309 N.W.2d 799 (Minn.1981); *Stanley v. American Fire & Cas. Co.,* 361 So.2d 1030 (Ala.1978); *Peterson v. Highlands Ins. Co.,* 328 So.2d 49 (Fla.App.1976).

The leading case which held that the exception applied in a similar babysitting context is *Crane v. State Farm Fire and Casualty Co.,* 5 Cal.3d 112, 95 Cal.Rptr. 513, 485 P.2d 1129 (1971). In *Crane,* the cause of the injury was not known, but the complaint against the babysitter alleged negligence and improper supervision. The babysitter had two small children of her own, and at the time of the accident she was engaged in her regular activity of maintaining a household and caring for the children. The California Supreme Court reasoned that since the babysitter did nothing in caring for the extra children that she would not normally do if she only had her own children to supervise, her activities were normally incident to a non-business pursuit. The Court stated: "Indeed, it is difficult to conceive of

an activity more ordinarily incident to a noncommercial pursuit than the home care of children." Judge Simeone discusses this case in his opinion in *Martinelli v. Security Ins. Co. of New Haven,* 490 S.W.2d 427, 430 (Mo.App.1972). The Alabama Supreme Court faced with essentially the same facts and exclusion clause before the Court in *Crane* reached an opposite conclusion. *Stanley v. American Fire & Casualty Co.,* 361 So.2d 1030 (Ala.1978).

Recently the Kentucky Court of Appeals was confronted by the same facts and exclusionary clause before us here and before the courts in *Crane* and *Stanley. Foster v. Allstate Ins. Co.,* 637 S.W.2d 655 (Ky.App. 1981). In finding coverage the court stated:

> The Alabama Court would have us look to whether the tortious conduct of the insured was conduct ordinarily incident to his particular business pursuit. If this view is correct, then there is plainly no coverage here because supervision of a child is ordinarily incident to baby-sitting or child care. The California Court and our own first reading of the exception would have us look to whether the tortious conduct was conduct ordinarily incident to nonbusiness pursuits, regardless of the fact that it may have been conduct ordinarily incident to the particular business pursuit. If this view is correct, then its effect would be to read the exception as manifesting an intention to provide coverage for ordinary homeowner or domestic activities such as child care even though money might be earned from them.

637 S.W.2d at 657.

We conclude that the exception applies to the case here and affirm the judgment of the trial court.

CRIST, J., concurs.

CRANDALL, P.J., dissents in a separate opinion.

CRANDALL, Presiding Judge, dissenting.

I respectfully dissent. Two issues are raised in this appeal. First, did the death

of Michael Johnson arise out of the business pursuits of the insured Theresa Goodall. The majority opinion tacitly concedes this issue by dealing with the exception to the policy exclusion rather than the exclusion itself.

Second, given the business pursuits of the insured, did the death arise out of an activity which was "ordinarily incident to nonbusiness pursuits." In order for the activity to be an exception to the exclusionary clause, it must be one which is not associated or related in any way to the insured's business pursuits. *Martinelli v. Security Ins. Co. of New Haven,* 490 S.W.2d 427 (Mo.App.1972). The activity in this case is the alleged failure to properly supervise a young child, a duty which flows directly from the business pursuits of the insured. *Stanley v. American Fire and Casualty Co.,* 361 So.2d 1030 (Ala.1978).

I therefore disagree with the majority and would reverse the judgment of the trial court.