NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, Appellant,

v.

REPUBLIC UNDERWRITERS INSURANCE COMPANY, Respondent.

No. C5–88–979.

Court of Appeals of Minnesota.

Oct. 4, 1988.

Katherine A. McBride, Jeffrey O. Knutsen, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for appellant.

Roger L. Rowlette, Peter W. Ross, Johnson & Lindberg, Minneapolis, for respondent.

Heard, considered and decided by FOLEY, P.J., and CRIPPEN and SHORT, JJ.

## OPINION

CRIPPEN, Judge.

Appellant National Union, which provided coverage for day care operator Chris Pierce, settled a claim on a child's burn injury. National Union sued respondent Republic, Pierce's homeowners insurer, claiming that Republic should pay the amount of the claim and National Union's costs in defending the lawsuit against Pierce. National Union appeals the trial court's decision to grant summary judgment in favor of Republic. We affirm.

## FACTS

Christine Pierce operated a day care center in her home. Pierce was insured under a family day care provider's liability policy issued by appellant, National Union Fire Insurance Company of Pittsburgh, PA. Pierce and her husband, Christopher Doyle, were also insured under a homeowners policy issued by respondent, Republic Underwriters Insurance Company.

On March 18, 1981, while under Pierce's supervision at the day care center, a child suffered a burn injury from a scalding pan. A lawsuit was filed against Pierce and Doyle; National Union subsequently settled the case by paying $64,430 for the injured child. Thereafter, National Union brought an action to recover damages for Republic's failure to defend or indemnify Pierce and Doyle.

The trial court found that the policy issued by National Union provided primary coverage and that the policy issued by Republic was merely excess. The court granted Republic's motion for summary judgment and National Union appeals.

## ISSUE

Did the trial court err in finding as a matter of law that because the day care provider's policy was closest to the risk, the day care coverage carrier was primarily

liable on the claim and the homeowners coverage was merely excess?

## ANALYSIS

On appeal of this motion for summary judgment the parties have stipulated to the facts; therefore, the only issue is whether the trial court erred in its interpretation of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979); Minn.R.Civ.P. 56.03.

The insurer who has issued the more specific policy is primarily liable, and the other insurer's coverage is considered secondary, or excess coverage. *Nordby v. Atlantic Mutual Insurance Co.*, 329 N.W. 2d 820, 823–24 (Minn.1983). The primary insurer is the one whose policy is found to be closest to the risk. *Integrity Mutual Insurance Co. v. State Auto & Casualty Underwriters Insurance Co.*, 307 Minn. 173, 175, 239 N.W.2d 445, 447 (Minn.1976). A determination of closeness takes into account which policy more specifically describes the accident-causing instrumentality and which premium reflects the greater exposure to the contemplated risk. *Auto Owners Insurance Co. v. Northstar Mutual Insurance Co.*, 281 N.W.2d 700, 704 (Minn.1979).

■ The National Union policy specifically applies to coverage for the care of children in a day care setting. This policy is closest to the risk in that it describes with specificity the type of risks to be covered. Personal injury resulting from the careless actions of a young child is something contemplated by the National Union policy. In this case Pierce was preparing lunch when one of the children in the day care center was burned by a scalding pan. In a similar case, an Alabama court held:

> the activity referred to is not preparing lunch, which would ordinarily be incident to a non-business pursuit, but rather the failure to properly supervise a young child.

*Stanely v. American Fire & Casualty Co.*, 361 So.2d 1030, 1033 (Ala.1978).

In appropriate cases a study of the premium charged is helpful; however, here the evidence is insufficient to indicate that premiums are helpful in analyzing the coverage question. *Auto Owners Insurance Co.*, 281 N.W.2d 700 (Minn.1979).

Under the circumstances here, the trial court did not err in finding that National Union was primarily liable and Republic's coverage was merely excess.

Appellant argues that the trial court's conclusion on primary coverage failed to take into account a Minnesota Supreme Court decision that homeowners coverage extends to injuries of children in day care on the premises. *Bankers Standard Insurance Co. v. Olwell*, 309 N.W.2d 799 (Minn.1981). The court in *Olwell* held that a business pursuits exclusion did not apply to injuries of the children which were incident to the homeowner's maintenance of a household and supervision of children who lived there. *Id.* at 801. Appellant's reliance on *Owell* is misplaced. Although the case is authority for application of homeowners coverage in circumstances like those here, it takes nothing from the merits of the conclusion that coverage specifically provided for day care activity is closer to the risk of injuries to children in day care.

In addition, respondent Republic observes that there is some question as to whether homeowners coverage ought to extend at all to the accident involved here. We need not reach this question because we have determined that the policy issued by National Union was closest to the risk.

■ Appellant also contends on appeal that the trial court erred in choosing to apply the primary insurer concept in this case. Appellant claims, based on the fact that the "other insurance" clauses in the two policies issued to Pierce and Doyle can be read harmoniously to require pro rata application of both policies, that it was not necessary for the court to make a finding of primary coverage.

Both parties argued before the trial court that their coverage was secondary or excess; both submitted a proposed summary judgment order on the primary-secondary issue. Appellant contended if its coverage was not secondary, that neither coverage was primary or secondary, and that the

companies should be found concurrently liable so that each would pay a pro rata share of the entire loss. *See Integrity Mutual Insurance Co.*, 307 Minn. at 175, 239 N.W.2d at 446–47. When asserting the absence of any primary insurer, appellant explained the pro rata obligation as one to "pay the proportion of the loss that the limit of liability under the policy bears to the total amount of insurance covering the loss," expressly paraphrasing provisions in the "other insurance" clauses of both policies. Appellant did not discuss, however, whether the other insurance clauses were fully harmonious, or that the common language of those clauses, independent of any primary-secondary-concurrent coverage analysis, called for a pro rata division of responsibility between the two companies. *See id.* at 174–75, 239 N.W.2d at 446; *Gamble Skogmo, Inc. v. Aetna Casualty & Surety*, 390 N.W.2d 343, 347 (Minn.Ct. App.1986). Neither in its complaint nor in the stipulation of facts did appellant set forth policy language on other insurance or suggest a claim for pro rata liability based on that policy language.

Appellant will not be permitted to first introduce this theory on appeal.

> It is elementary that on appeal a case will be considered in accordance with the theory on which it was pleaded and tried, and a party cannot for the first time on appeal shift his position.

*Urban v. Continental Convention & Show Management, Inc.*, 244 Minn. 44, 47, 68 N.W.2d 633, 635 (1955); *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (cannot raise new theory of recovery on appeal).

 Finally, appellant claims it is entitled to attorney fees and costs incurred in defending the insureds. The supreme court has stated:

> Each insurer's obligation to defend is separate and distinct from its duty to provide coverage and pay a judgment, irrespective of other insurance and irrespective of whether it provides primary or excess coverage. An insurer has no right of action against another insurer to recover the cost of defending the in-

sured, since there is no contractual obligation between insurers.

*Nordby*, 329 N.W.2d at 824. Appellant contends *Nordby* governs a declaratory judgment suit between insurers but does not cover the claim appellant makes on the basis of subrogation to rights of the insured. We disagree. National Union has no right to recover from another insurer its costs in defending the underlying claim.

## DECISION

The trial court did not err in finding that the day care provider's policy was closest to the risk, and in determining that National Union was primarily liable.

AFFIRMED.