801 P.2d 501

**FARMERS INSURANCE COMPANY OF ARIZONA, a corporation, Plaintiff–Appellee,**

v.

**Justin WIECHNICK, a minor; John S. and Karen M. Wiechnick, parents of Justin Wiechnick, Defendants–Appellants.**

No. 1 CA–CV 89–365.

Court of Appeals of Arizona, Division 1, Department D.

Nov. 20, 1990.

Burrell, Seletos & Tinsley by Ernest D. Tinsley, Phoenix, for plaintiff-appellee.

Kleinman, Carroll, Lesselyong & Novak by Frank E. Lesselyong, Phoenix, for defendants-appellants.

## OPINION

KLEINSCHMIDT, Presiding Judge.

This is an appeal from an order granting summary judgment in a declaratory judgment action in favor of Farmers Insurance Company. The trial court ruled that the homeowners' policy issued by Farmers did not provide coverage for its policyholder, a babysitter whose alleged negligence caused an injury to a child under her care. We agree with the trial court that the policyholder, whose occupation was that of a babysitter, was involved in a business pursuit at the time the child was injured so that her activity was excluded from coverage under an express term of the policy. We affirm the order granting summary judgment.

The facts are as follows. After working outside the home for a number of years, Irene Smith quit her job to stay home to care for one of her children whose diet needed careful monitoring. She intended to stay home for about a year and to resume employment outside the home thereafter. To replace her lost income, she babysat for other children, including Justin Wiechnick, in her home. Before doing so, she checked with the Arizona Department of Economic Security to see if her activities complied with state rules and regulations. At the time of Justin's accident, Smith was regularly babysitting for at least five children in addition to her own three children, and she had been doing so for about seven months. She advertised her babysitting services in the newspaper, and she kept regular hours of 7:00 a.m. through 6:00 p.m., Monday through Friday. She was paid for her babysitting services. At the time of the accident, Irene Smith had gone outside to feed and clean up after her dog. Justin followed her, climbed up on a picnic table, fell, and was severely injured.

At the time of the accident, Smith had a homeowners' insurance policy with Farmers providing $100,000 personal liability protection. The policy contained the following exclusion:

We do not cover *bodily injury* or *property damage:*

1. Arising from or during the course of *business* pursuits of an *insured.*

\*   \*   \*   \*   \*   \*

2. Arising out of rendering or failure to render *business* or professional services.

The policy contained the following definition:

4. *Business* means any full or part-time trade, profession or occupation. It in-

cludes rental or holding for rental of any premises by an *insured*.

(Emphasis in original.)

Smith gave notice to Farmers that she expected Farmers to defend against and pay any claim brought to recover for Justin's injuries. Farmers then brought an action for declaratory relief against Smith and the Wiechnicks seeking to establish that the business pursuits exclusion precluded recovery on the policy. Farmers and the Wiechnicks both moved for summary judgment, and, as we have observed, the trial court ruled in favor of Farmers.

■ Although this is an issue of first impression in Arizona, courts in other jurisdictions which have considered this question in this very context have generally held that occasional babysitting or a neighborly accommodation for child care is not a business pursuit. *See, e.g., Camden Fire Ins. Ass'n v. Johnson*, 294 S.E.2d 116, 120–21 (W.Va.1982); *Nationwide Mut. Fire Ins. Co. v. Collins*, 136 Ga.App. 671, 674, 222 S.E.2d 828, 829–30 (1975). On the other hand, day care provided on a regular basis for profit ordinarily is considered a business pursuit. *See, e.g., Moncivais v. Farm Bureau Mut. Ins. Co.*, 430 N.W.2d 438, 440 (Iowa 1988); *Haley v. Allstate Ins. Co.*, 129 N.H. 512, 514, 529 A.2d 394, 396 (1987); *Stanley v. American Fire & Casualty Co.*, 361 So.2d 1030, 1033 (Ala. 1978); *see generally* Annot., 48 A.L.R.3d 1096, 1102, § 4(a) (1973).

In a case which did not involve babysitting, we defined the type of activity that qualifies as a business pursuit in the context of an exclusion clause as "a continued or regular activity for the purpose of earning a livelihood such as a trade, profession, or occupation, or a commercial activity." *Industrial Indem. Co. v. Goettl*, 138 Ariz. 315, 318–19, 674 P.2d 869, 872–73 (App. 1983) (citing Annot., 48 A.L.R.3d 1096, 1100 (1973)). The same interpretation that the *Goettl* court gave to the phrase "business pursuit," requiring continuity and profit motive, has been used in a number of jurisdictions. *See, e.g., Moncivais*, 430 N.W.2d at 440; *Virginia Mut. Ins. Co. v. Hagy*, 232 Va. 472, 475, 352 S.E.2d 316, 318 (1987); *Camden Fire*, 294 S.E.2d at 118.

The Wiechnicks do not seriously dispute that profit was the motive for Smith's babysitting, but they claim her activities do not satisfy the continuity requirement of a business pursuit. Their argument is primarily based on their contention that Smith herself did not regard her babysitting activities as a business and that she had only intended to babysit children in her home for one year before returning to some type of employment outside of the home. Babysitting, they say, was not her occupation. This argument ignores the common sense conclusion that an occupation may be continuous and regular even though it is temporary. Smith's babysitting, which she had been doing continuously full-time for at least seven months at the time of the accident, clearly falls within the policy's definition of "business pursuit" and satisfies both of the *Goettl* requirements. Smith's subjective characterization of her babysitting is irrelevant.

■ The Wiechnicks also argue in their brief that the business pursuits exclusion is inapplicable to their claim because, at the time of Justin's accident, Smith was in her backyard taking care of her dog, a task unrelated to her babysitting activities or any business pursuit. They rely on two cases, *Gulf Ins. Co. v. Tilley*, 280 F.Supp. 60 (N.D.Ind.1967), *aff'd* 393 F.2d 119 (7th Cir.1968), and *Crane v. State Farm Fire & Casualty Co.*, 5 Cal.3d 112, 485 P.2d 1129, 95 Cal.Rptr. 513 (1971). In *Tilley*, a child was accidentally burned when a pot of coffee fell over, spilling its contents on the child. The court construed an insurance policy that contained a clause that excluded coverage for business pursuits of an insured except "activities therein which are ordinarily incident to non-business pursuits." The court held that because coffee making was an activity not ordinarily associated with child care, the exception to the business pursuits exclusion applied and coverage was afforded. In *Crane*, the California Supreme Court gave an even broader interpretation to the activities "ordinarily incident to non-business pursuits" excep-

tion to the business pursuits exclusion. In that case, a babysitter was taking care of her own children and other children. She was preparing lunch for the children when one of them, not her own child, was injured. The California court held that the business pursuits exclusion did not apply because "it is difficult to conceive of an activity more ordinarily incident to a noncommercial pursuit than home care of children." *Id.*, 5 Cal.3d at 117, 485 P.2d at 1131, 95 Cal.Rptr. at 515.

There are two reasons why we decline to follow *Tilley* and *Crane*. First, both construed an exception to the business pursuits exclusion which is not found in the homeowner's policy issued to the Smiths. Second, even if there is no material distinction between the insurance policies construed in *Tilley* and *Crane* and the Smith's policy, the rationale employed in *Tilley* and *Crane* is flawed. Whatever incidental activities a babysitter is involved in, maintaining proper supervision and a safe environment for children is the most basic element of a babysitter's job. It does not matter whatever else a babysitter might be doing at the time a child is injured, while the child is in the babysitter's charge the babysitter is engaged in the pursuit of caring for that child. Other courts have recognized this flaw in *Tilley* and *Crane*. *See Moncivais*, 430 N.W.2d at 440–41; *Stanley*, 361 So.2d at 1032–33. For a good overview of the law that supports our conclusion see *United States Fidelity & Guar. Co. v. Heltsley*, 733 F.Supp. 1418 (D.Kan.1990).

Because it is undisputed that Smith was babysitting Justin at the time his accident occurred, and given our previous conclusion that Smith's babysitting was a business pursuit, the trial court's ruling that the Wiechnicks' claim is not covered by the Farmers' policy was correct.

We grant Farmers' request for attorney's fees and costs incurred in this appeal pursuant to A.R.S. section 12–341.01(A) upon submission of the appropriate statement pursuant to Rule 21, Arizona Rules of Civil Appellate Procedure.

The judgment of the trial court is affirmed.

CLABORNE and McGREGOR, JJ., concur.