ALISA DWELLO, as Parent and Guardian ad Litem for STEFANIE LAWRENCE, Appellant, *v.* AMERICAN RELIANCE INSURANCE COMPANY, an Arizona Corporation, PATTY KENYON, and STEVE KENYON, Respondents.

No. 30928

December 28, 1999

990 P.2d 190

*Law Offices of Frank C. Cook,* Las Vegas, for Appellant.

*Pico & Mitchell* and *Daniel E. Carvalho,* Las Vegas; *John & Elizabeth Foley Law Offices,* Las Vegas, for Respondents.

Before MAUPIN, SHEARING and BECKER, JJ.

# OPINION

*Per Curiam:*

## FACTS

Alisa Dwello (Dwello) is a single working mother caring for her eleven-year-old daughter, Stefanie Lawrence (Stefanie). When Stefanie was seven years of age, Dwello asked her neighbor, Patty Kenyon (Kenyon), to care for Stefanie while Dwello worked. Kenyon agreed and cared for Stefanie from 6:00 a.m. to 4:00 p.m. five days a week for approximately one month at the rate of $50.00 per week. Kenyon's babysitting revenues for Stefanie's care accounted for forty percent of her total monthly income. In July, 1995, Kenyon's dog attacked Stefanie, severely injuring Stefanie's face, head, and eye.

In August, 1995, Dwello filed a complaint against Kenyon and her husband alleging that they failed to adequately protect Stefanie from their dog, knowing its propensity to bite, and that they failed to inform Dwello that the dog had bitten other children.

The Kenyons forwarded the complaint to the carrier of their homeowner's insurance policy, American Reliance Insurance Company (American Reliance), seeking indemnity and defense. In March, 1996, American Reliance filed an action for declaratory judgment alleging that they had no duty to defend or indemnify the Kenyons. The Kenyons then filed for Chapter Seven bankruptcy. In September, 1996, the district court allowed Dwello to intervene in the declaratory judgment action.

In July, 1997, the district court held a one-day bench trial to adjudicate the declaratory relief action. American Reliance argued that the "business pursuits" provision in the homeowner's policy shielded American Reliance from liability. That provision states:

> Comprehensive Personal Liability Coverage and Medical Payments to Others Coverage Does Not Pay for Bodily Injury or Property Damage:
>
> Arising out of your business pursuits. This also includes your occasional or part-time business pursuits.[1]

---

[1] The insurance policy also contains a provision which states: "Comprehensive Personal Liability Does Not Pay For: Bodily injury to you or to other persons under age 21 in your care." However, none of the parties briefed this provision nor did any party present this provision at oral arguments.

The Kenyons argued that Kenyon would have watched Stephanie without compensation, if necessary, and thus the business pursuits exclusion was inapplicable. Likewise, Dwello argued that the exclusion did not apply because Kenyon was unlicensed, only watched one child not her own, and did not advertise.

The district court found that Kenyon watched Stephanie from 6:00 a.m. to 4:00 p.m. for one month and was paid at the rate of $50 per week. Further, the court determined that the payment was for services rendered and constituted approximately forty percent of Kenyon's total monthly salary. On the basis of these findings, the district court concluded that Kenyon was engaged in a business pursuit within the meaning of the exclusion in the American Reliance policy and granted the American Reliance petition for declaratory relief. Dwello filed this timely appeal.

## DISCUSSION

Whether the babysitting in this situation triggers the business pursuits exclusion in the homeowner's insurance policy is a question of fact for the trial court. Only when this finding is clearly erroneous will this court reverse. *See* Trident Construction v. West Electric, 105 Nev. 423, 426, 776 P.2d 1239, 1241 (1989). The exclusion provision in the insurance policy is clear and unambiguous, and it is for the trial court to determine whether the homeowner is engaged in a "business pursuit." Other courts that have addressed the issue are divided on the question of whether babysitting falls within the business pursuits exception.[2] In Carroll v. Boyce, 640 A.2d 298 (N.J. Super. Ct. App. Div. 1994), the New Jersey appellate court applied a two-factor test to determine whether the babysitting in question fell within the business pursuits exception. The two factors that the court considered are: (1) whether the pursuit involves a continuity or customary engagement in the activity; and (2) whether the activity involves a profit motive. *Id.* at 300. We agree that these are the appropriate factors to consider. The findings of fact made by the district court show that those factors were considered when the court found that Kenyon was engaged in a business pursuit within the meaning of

---

[2]*Compare* Stanley v. American Fire & Cas. Co., 361 So. 2d 1030 (Ala. 1978) ("supervising children on a regular basis for compensation is ordinarily a business pursuit"); Farmers Ins. Co. of Arizona v. Wiechnick, 801 P.2d 501 (Ariz. Ct. App. 1990); Carroll v. Boyce, 640 A.2d 298 (N.J. Super. Ct. App. Div. 1994); Watkins v. Brown, 646 N.E.2d 485 (Ohio Ct. App. 1994) *with* United Services Auto. Ass'n v. Lucas, 408 S.E.2d 171 (Ga. Ct. App. 1991) (holding that babysitting did not qualify for the business pursuits exception even though babysitter reported babysitting income on her tax returns and possessed a child care license); State Farm Fire & Cas. Co. v. Reed, 873 S.W.2d 698 (Tex. 1993).

the exclusion in the American Reliance policy. We conclude that there was substantial evidence to support the district court's findings.

Dwello also argues that the dog bite was an exception to the business pursuits exclusion since it was one of the "[a]ctivities which are ordinarily incidental to non-business pursuits." A babysitter's primary role is to maintain a safe, healthy environment and to keep the child out of harm's way. While the babysitter's services are engaged, the babysitter maintains a continuous duty to provide for the child. The dog bite was related to negligent supervision, and was not "incidental to non-business pursuits." Thus, the exception to the exclusion does not apply.

Therefore, we affirm the judgment of the district court that American Reliance had no duty to defend or indemnify the Kenyons under the homeowner's insurance policy pursuant to the business pursuit exclusion.