**SAFECO INSURANCE COMPANY, Appellant,**

v.

**Janet A. HOWARD, et al., Respondents.**

**No. 56215.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 31, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1989.

Application to Transfer Denied
Feb. 13, 1990.

William F. James, St. Louis, for appellant.

Janet Howard, St. Louis, pro se.

Richard A. Barry, St. Louis, for Mahn.

CRIST, Judge.

This is a declaratory judgment action regarding coverage of a homeowner's policy issued by Safeco. The trial court found respondent Janet Howard, whose son sexually abused children she was baby-sitting, was covered. We reverse.

Janet Howard ran a baby-sitting service for ten years until May, 1987. She operated out of her home and earned approximately $400 per week at the time it was discontinued. She supervised about six children two months to six years old.

All of the Howard children were considerably older than the ones she watched. Mrs. Howard's oldest son was born on March 18, 1969. He lived at home. He

was charged with molesting several of the young children his mother watched between April 1, 1987 and May 11, 1987. He pled guilty to the offenses.

The children and their parents, all of whom were defendants in this action, filed suit against Mrs. Howard. Their petition alleged Mrs. Howard negligently failed to supervise her son between September, 1986 and May, 1987. Safeco filed this action claiming its homeowner's policy to the Howards did not cover the negligence claim. The policy excludes bodily injury "arising out of business pursuits of any insured." There is an exception to the exclusion for "activities which are ordinarily incident to non-business pursuits."

Our Supreme Court has held similar policy language to be unambiguous and enforceable. *Dieckman v. Moran*, 414 S.W.2d 320 [4] (Mo.1967). Unfortunately, *Dieckman* failed to instruct us how to determine what is a "business pursuit" or how an activity is "ordinarily incident to a non-business pursuit."

There is no question the alleged failure to supervise arose out of the business pursuits of Mrs. Howard. The form of the activity, providing day-care services, does not control whether this was a business pursuit. The economic substance does. Mrs. Howard operated her day-care service five days a week for ten years. Her taxable income between 1984 and 1986 ranged between $15,000 to $20,000 per year. On her Federal tax return she declared her occupation to be "child care." There was a series of lucrative transactions over a long period of time. There was the requisite profit motive and a continuity of business. *Moncivais v. Farm Bureau Mutual Insurance Co.*, 430 N.W.2d 438, 440 [1] (Iowa 1988).

Safeco's exclusionary language provides no coverage because the child abuse resulting from Mrs. Howard's alleged failure to supervise arose out of her business pursuits. The seminal issue is whether the exception nullifies the exclusion. Was the failure to supervise (the activity) ordinarily incident to home care (a non-business pursuit) or the day-care service (a business pursuit). If the latter, there is no coverage. In *Martinelli v. Security Insurance Co. of New Haven*, 490 S.W.2d 427 (Mo. App.1973), a similar policy provision was applied. There an individual at work bumped into and injured a co-worker. The activity was not the isolated act of walking or bumping. *Id.* at 432 [5]. Instead the court considered the activity to have been the doing of the employer's work. The exception did not apply and the co-worker's claim was excluded under the homeowner's policy.

In *Stanley v. American Fire and Casualty Co.*, 361 So.2d 1030 (Ala.1978), Mrs. Stanley was in the kitchen preparing lunch when one of the children she watched fell backwards into the fireplace. The court held the "activity" was not preparing lunch, which would be ordinarily incident to non-business pursuits. The "activity" was the failure to properly supervise the young children. *Id.* at 1033[6]. "Supervising children on a regular basis for compensation is ordinarily a business pursuit." *Id.*

In *Western Fire Ins. Co. v. Goodall*, 658 S.W.2d 32 (Mo.App.1983), an infant Mrs. Goodall was watching fell from his crib and died. The parents sued. The insurance company, under a similar policy provision, denied coverage. This court found the exception to the exclusion applied and covered Mrs. Goodall. However, *Goodall* differs from this case in several ways. First, the *Goodall* court did not decide if the child's injury arose out of a business pursuit. Second, the child care was sporadic and included at most two children. Third, the baby-sitting pursuit was in conjunction with the sitter watching her own young child. The failure to supervise the child who died was ordinarily incident to the non-business pursuit of a mother caring for her own child in her own home in a family setting. But not so in the case at bar.

Mrs. Howard's activities did not fall under the exception. She had no young children of her own. The work of Mrs. Howard was wholly unconnected with her family responsibilities but for the fact she operated her child-care service at home. Her earnings were substantial. Her fail-

ure to supervise her son was not ordinarily incident to non-business pursuits, but was ordinarily incident to her business. *See Moncivais,* 430 N.W.2d at 440–41 [2].

The decision of the circuit court finding the exception clause applied is reversed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.