**MARYLAND CASUALTY COMPANY,**
**Plaintiff/Respondent,**

v.

**Helen HAYES, Jeffrey Hayes, Jacqueline Hill, a minor By & Through her Next Friend Linda Hill, Linda Hill, individually, and Timothy Hill, Defendants/Appellants.**

No. 60567.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 7, 1992.

Gray & Ritter, P.C., John G. Simon, St. Louis, for defendants/appellants.

Leritz, Plunkert & Bruning, P.C., Joseph L. Leritz and Nancy Vincent–Shelton, St. Louis, for plaintiff/respondent.

KAROHL, Judge.

This is an action for declaratory judgment filed by Maryland Casualty Company to determine a question of coverage under a homeowners policy it issued to Jeffrey and Helen Hayes. This suit was filed after the Hills sued Helen Hayes for negligence resulting in personal injuries to an infant for whom she was baby-sitting. The trial court ruled there was no coverage because Mrs. Hayes who was employed in the home of Linda and Timothy Hill:

> was providing no other services of a personal nature for herself except preparation of her lunch, which she regularly ate with one of the minor children as an integral part of her care of the child, her

activities were not activities which are usual to non-business pursuits.

We affirm.

The parties submitted this cause to the trial court on stipulated evidence. Counsel requested findings of facts and conclusions of law from which we quote freely.

In January 1988, Linda and Timothy Hill employed Mrs. Hayes to provide baby-sitting services for their children Karen, age three, and Jacqueline, age six or seven months. Mrs. Hayes was engaged in the business of providing home day care services to the Hills for pay. She worked three days a week for about eight hours per day. On January 27, 1988, around noon Mrs. Hayes:

> was in the kitchen fixing lunch for Karen, the older child, which she did each day she cared for the children. She was preparing tea for herself and oatmeal for the child. While pouring the boiling water from the tea kettle, into her tea cup, she spilled water on herself causing her to lose control of the tea kettle, which caused boiling water to splash on ... Jacqueline, who was playing on the floor. The younger child, Jacqueline, was allegedly injured as a result of the boiling water ... Helen Hayes, and the older minor child always [ate] lunch together at the same time.

Jacqueline Hill, by and through her Next Friend, Linda Hill, and Linda Hill, individually, filed a two-count petition against Mrs. Hayes. Count I alleges Mrs. Hayes was negligent in having Jacqueline near boiling water causing her injury. Count II alleges Linda Hill incurred medical bills and lost wages as a result of Mrs. Hayes' negligence and injury to Jacqueline.

On January 27, 1988, there was in force Maryland Casualty's Homeowners Insurance Policy No. TH091276394 which was issued and sold to Mrs. Hayes' husband, Jeffrey Hayes. Mrs. Hayes was also an insured under the policy. The policy contains the following provisions:

> **Coverage E—Personal Liability and Coverage F—Medical payments to Others** do not apply to **bodily injury or property damage:**

> b. arising out of **business** pursuits of an **insured** or the rental or holding for rental of any part of any premises by an **insured.**

> This exclusion does not apply to:

> (1) activities which are usual to non-business pursuits:

> \*    \*    \*    \*    \*    \*

Endorsement HO–322:

> If an **insured** regularly provides home day care services to a person or persons other than **insureds** and receives monetary or other compensation for such services, that enterprise is a **business** pursuit.

Maryland Casualty Company filed a petition for declaratory judgment naming the Hayes' as defendants. In its petition, Maryland Casualty alleges it has no obligation to provide liability insurance or defend Mrs. Hayes for claims arising out of the incident of January 27, 1988. The court entered judgment on the petition in favor of Maryland Casualty.

The only claim of trial court error made by the Hayes' is:

> THE TRIAL COURT'S JUDGMENT THAT POLICY NO. THO 91276394 DOES NOT PROVIDE COVERAGE FOR THE INCIDENT OF JANUARY 27, 1988 WAS ERRONEOUS BECAUSE THE ACTIVITY WHICH FORMED THE BASIS OF LIABILITY WAS THE POURING OF BOILING WATER BY HELEN HAYES TO MAKE TEA FOR HERSELF AND THIS IS AN ACTIVITY WHICH IS USUAL TO A NON–BUSINESS PURSUIT.

Maryland Casualty counters by arguing the decision was correct because the "activity which formed the basis of alleged liability was the preparation of lunch, in furtherance of the insured's business pursuit."

In *Safeco Insurance Company v. Howard,* 782 S.W.2d 658 (Mo.App.1989) this court considered a declaratory judgment action regarding coverage of a homeowners insurance policy for defendant who operated a baby-sitting service. A number of children and their parents sued the baby-sitter on the theory that she neglected to

supervise her own son while caring for the children. The failure to supervise allowed defendant's son to molest the children. We reversed a finding of the trial court that the defendant's actions were covered under an exception to an exclusion of coverage similar to the policy we now review. We found "there [was] no question the alleged failure to supervise arose out of the business pursuits of [defendant]." *Id.* at 659. The issue for decision was whether the exception nullified the exclusion of coverage for business pursuits because the activity which caused injury was usual to non-business. We found it significant defendant's activities were "wholly unconnected with her family responsibilities but for the fact she operated her child-care service at home. Her earnings were substantial. Her failure to supervise her son was not ordinarily incident to non-business pursuits, but was ordinarily incident to her business." *Id.* at 659–660.

Neither of the parties relied on *Safeco.* Rather, both parties discussed foreign jurisdiction cases, *Gulf Insurance Co. v. Tilley,* 280 F.Supp. 60 (N.D.Ind.1967), *aff'd* 393 F.2d 119 (7th Cir.1968) and *State Farm Fire & Casualty Co. v. Moore,* 103 Ill. App.3d 250, 58 Ill.Dec. 609, 430 N.E.2d 641 (1981). They also rely on *Martinelli v. Security Insurance Co. of New Haven,* 490 S.W.2d 427 (Mo.App.1972). The Indiana and Illinois cases involve similar policy provisions and baby-sitting activities. *Martinelli* involved an injury resulting when an employee was on his employer's premises bumped a fellow employee who was thereby injured. In *Martinelli* we found the exclusion applied, the exception did not apply, because:

> In this case, however, it is clear that the activity of [the employee] in attempting to "pick up a pair of parallels" for use in his work for his employer cannot be said to be an activity which is ordinarily incident to a non-business pursuit. This act of "walking" or "bumping" or coming into contact with [a fellow employee] not only took place on the employer's premises, but ... [was in] fur-

therance of his business pursuits and [was] not an ordinary incident to non-business pursuits. (citation omitted). *Id.* at 432.

The two significant facts were that the activity occurred upon the employer's premises and the general activity was in performance of the work of the employer.

The Indiana district court decision in *Tilley* held there was coverage for a baby-sitter where the services were rendered in the insured's home and the child was injured by its own act while the insured was preparing breakfast and a pot of coffee for herself and a friend. The court assumed the insured was engaged in a business pursuit but found the activity of preparing coffee was not ordinarily associated with the functions of a baby-sitter. The court applied the exception to the exclusion and found coverage. Nothing in the opinion indicates plaintiff presented the claim based upon a failure of the insured to supervise the child.

*State Farm Fire & Casualty Co. v. Moore,* 103 Ill.App.3d 250, 58 Ill.Dec. 609, 430 N.E.2d 641 (1981) also held there was coverage because of an exception to the exclusion clause in a homeowners policy. There, the child was injured when he pulled a pan of boiling water upon himself while the insured was fixing lunch for herself, one of her own children, and two children for whom she was baby-sitting. The insured was in her own home. The court applied the exception to the business pursuit exclusion on the theory that the activity of preparing lunch for herself and her own child was one she would have performed apart from baby-sitting services. It was, therefore, a non-business pursuit although she was at the same time preparing lunch for the children she was baby-sitting. Here also the question of failure of supervision as a causal activity was not considered. Moreover, the insured's family activity was possible primarily because she was in her own home.

Maryland Casualty also relies on *Stanley v. American Fire and Casualty Co.,* 361

So.2d 1030 (Ala.1978).[1] The Alabama court found no coverage for a baby-sitter where services were rendered in the insured's home. The child for whom the insured was sitting fell into a fireplace in one room when the insured was in the kitchen preparing lunch for herself, her children and other children for whom she was baby-sitting. The court found the business pursuit exclusion applied because the activity giving rise to the accident was failure to supervise, not preparation of lunch. *Id.* at 1033.

We find the business pursuit exclusion applies, the exception does not. First, the personal injury suit against Mrs. Hayes was filed on behalf of the injured child on the theory of injury as a result of failure of the insured to properly supervise. The reasoning in *Stanley* applies to the facts in the instant case. Mrs. Hayes allowed the child to be in the proximity of her activity in pouring hot water invokes the exclusionary clause where failure of supervision by the insured is a simultaneous activity with the pouring of hot water.

Second, Mrs. Hayes was regularly performing home day care services in the home of her employer which was also the home of the injured child. On the occasion of injury she was to perform services for eight hours and the preparation of lunch for herself and the child was contemplated by the parties in the performance of her services.

Third, the injury occurred as a direct result of the actions of Mrs. Hayes and involved both a failure to supervise the child by keeping her out of danger and a simultaneous act of preparing food for the child and drink for the insured.

Finally, the definition of business pursuit contained in endorsement HO–322 removes any question that Mrs. Hayes was so engaged on the occasion of the casualty. She was regularly, three times a week, providing home day care services for pay for non-family members.

Therefore, we hold under the standard of review set forth in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976) and the facts of this case as found by the trier of fact, the policy at bar did not afford coverage to Helen Hayes. The business exclusion clause applies. The court properly granted declaratory judgment in favor of Maryland Casualty Company. We affirm.

SMITH, P.J., and AHRENS, J., concur.

---

**1.** Other jurisdictions have addressed the exclusion and its exception. *See generally* Annot., "Construction and Application of 'Business Pursuits' Exclusion Provision in General Liability Policy," 48 A.L.R.3d 1096 (1973).