Donald V. NANGLE
Plaintiff/Respondent,

v.

Freda BROCKMAN, Defendant/Appellant.

No. 72199.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 19, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 8, 1998.

Application for Transfer Denied
Aug. 25, 1998.

Robert Herman & Newton McCoy, St. Louis, for defendant/appellant.

Arthur G. Muergler, St. Louis, for plaintiff/respondent.

CRANDALL, Judge.

Defendant, Freda Brockman, appeals from the judgment of the trial court, entered pursuant to jury verdicts, in favor of plaintiff, Donald Nangle, in an action brought to recover attorney's fees based upon an express

contingent fee contract and upon quantum meruit. We ·affirm in part and reverse in part.

Brockman and Laura Press retained Nangle to represent them to collect a debt owed to them by Fenton Medical Building, Inc. (FMB). Brockman and Press had personally guaranteed a loan for FMB to construct a medical office building on certain real estate which consisted of three parcels of land, two of which FMB owned. Upon FMB's default, Brockman and Press were subject to liability as guarantors in the amount of $153,125.00. Nangle brought an action against FMB on behalf of Brockman and Press; and in February 1984, FMB, Brockman, and Press entered into a consent judgment for $153,000.00. At about that same time, FMB assigned to Brockman and Press promissory notes and deeds of trust on all three parcels of the real property.

On September 1, 1984, Nangle, Brockman, and Press entered into a contingent fee agreement, which provided in pertinent part:

That said client hereby retains and employs said attorney to represent, appear, and act for said client in a certain matter, as follows: Fenton Medical Building judgment and collection and said attorney is authorized to do any and all things which said attorney may deem necessary and advisable to protect said client's interests, including the bringing of any and all suits against whomever said attorney may determine and defending of any suits growing out of or relating to said matter which defense said attorney deems necessary in order to accomplish the purpose of his employment.

For said services in the premises said client agrees to pay upon demand to said attorney a sum equal to

10% of any amount obtained by settlement if settled before institution, executions or quiet title actions

10% of any amount obtained after executions or quiet title actions are instituted whether by settlement, compromise or the result of trial; together with whatever reasonable and necessary expenses said attorneys may pay or incur in behalf of said client in the premises and reimburse said

attorney for any court costs or fees advanced and said attorney hereby agrees to render such services upon the terms and conditions above set out. It is further agreed that said attorney shall have an attorney's lien as provided by statute securing the payment to said attorney of all said sums. . . .

Pursuant to the contingent fee agreement, Nangle proceeded to attempt collection on the $153,000.00 judgment against FMB. The only asset available to satisfy the judgment, however, was the real property. Nangle was able to clear mechanics liens from the title and Brockman settled with the remaining mechanics lien holder in February 1986. Nangle also foreclosed on the real property and FMB delivered the deed to the two parcels of the property. The deeds were recorded in December 1986, with Brockman and Press as the titled owners. In addition, over a two-year period, Nangle attended several meetings with the City of Fenton to address its threatened condemnation of the property.

There was other work Nangle performed outside the scope of the contingent fee agreement which formed the basis of his quantum meruit claim against Brockman. Brockman had agreed to pay Nangle at an hourly rate for his services involving the third parcel of land. Karen Offner held a second deed of trust as well as title to this third piece of property. Brockman brought a separate action against Offner. The case was settled and Brockman paid Offner for her interest in the third parcel of property and obtained title in her name only.

In August 1987, Press deeded her interest in the two parcels of real property to Brockman. In return, Brockman paid off Press's portion of the loan owed as a result of their personal guarantees, plus interest. Press, in turn, reimbursed Brockman over $6,300.00, an amount which Brockman alleged represented one-half of the fees paid to Nangle up to that point in time. After August 1987, Brockman held title to all three parcels of real property.

Nangle brought an action against Brockman and Press,[1] seeking damages, *inter alia*, on breach of contract and quantum meruit theories. The trial court entered summary judgment in Nangle's favor on his quantum meruit claim.[2] On appeal, this court reversed, holding that where there is an express contingent fee agreement, the attorney's recovery must lie on the contract and not in quantum meruit. *Nangle v. Brockman*, 845 S.W.2d 619, 620 (Mo.App. E.D. 1992).

Upon remand, the case was tried to a jury in September and October 1996. Nangle's expert, who was a real estate appraiser, testified that, as of December 30, 1986, the parcel of real property had a fair market value of $523,944.00 undeveloped and of $608,000.00 with an existing building on it. He further stated that the property had a fair market value of $1,000,000.00 at the time of trial. Brockman's expert, also a real estate appraiser, testified that the property had a fair market value of $151,000.00 at the time of trial. When he submitted the case to the jury, Nangle sought recovery not only for legal services performed under the contingent fee agreement (Count I) but also for legal work done at Brockman's request on an hourly basis (Count II).[3] The jury returned verdicts in favor of Nangle in the amount of $57,000.00 on the contingent fee contract claim and in the amount of $5,386.25 on the quantum meruit claim. The trial court calculated prejudgment interest on both claims and entered judgment in favor of Nangle on the contingent fee claim of $107,445.00 ($50,445.00 in prejudgment interest) and on the quantum meruit claim of $10,153.08 ($4,766.83 in prejudgment interest).

In her first point, Brockman contends the trial court erred in admitting into evidence Exhibits 42, 43, and 44, which were summaries, respectively, of hours spent on contingent fee matters, of expenses advanced, and of hours spent on matters unrelated to the contingent fee agreement. At trial, Brock-

man made the following objection to the admission of Exhibit 43:

[COUNSEL]: Your honor, I'm going to object to this as being a summary with no backup existence here. This is improper ... hearsay. This is his summary of things he says that are in existence but have not been able to present to us or ... to the jury ... [U]nder Missouri Rules, such a summary is not allowed for the jury unless the underlying documentation is available ... to me or to the Court.

With regard to all three exhibits, Brockman objected on the ground that the summaries were "prepared ... for the purpose of this litigation." As to Exhibits 42 and 44, Brockman specifically stated, "Same objection as to 43 without any underlying time records available" to the trial court or to her. On appeal, Brockman challenges the admission of the three exhibits on four grounds; namely, Nangle failed to make the underlying records available to her, to show them to be voluminous, to show they were admissible into evidence, and to give her advance notice of his intent to use the summaries at trial.

■ With the exception of the objection that the records were not made available to her, the other objections were not raised at trial. Brockman cannot interpose one objection at trial and another on appeal, because the rule is that an objection to the admission of evidence must be specific and contain the proper ground for its exclusion or else the appellate court will not find error in the trial court's overruling it. *Parry v. Staddon*, 769 S.W.2d 811, 814 (Mo.App.1989). Thus, the failure of Brockman's objections to conform to this proscription did not preserve three of her four allegations of error for our review. *See id.*

■ Moreover, the record does not support Brockman's contention that the trial court erred in permitting the introduction into evidence of the summaries of the hours spent and expenses incurred by Nangle. At

---

1. Nangle dismissed his claim against Press after the court entered summary judgment in his favor.

2. Nangle dismissed all other claims after the court granted summary judgment in his favor.

3. Prior to voir dire, Nangle dismissed without prejudice Counts III (tortious interference with contract) and IV (fraudulent misrepresentation) of his petition.

trial, Nangle identified Exhibit 43 as "a summary of expenses [he] put out" and stated that the amounts reflected thereon were true, accurate, and represented proper expenses. In addition, he gave a detailed accounting of the expenses he paid on Brockman's behalf and exhibits reflecting those expenditures were admitted into evidence without objection. As to Exhibits 42 and 44, Nangle identified them as summaries he "put together from [his] scribbled time sheets" which were contained in "two transfer cases full of documents." The summaries delineated the hours of legal work performed for Brockman on a contingent fee basis (Exhibit 42) as well as on an hourly basis (Exhibit 44). He further testified that the summaries were accurate and the time expended was reasonable.

Given Nangle's testimony, the summaries were admissible under *Davis v. Stewart Title Guar. Co.*, 726 S.W.2d 839, 852 (Mo.App. 1987). The contents of the summaries were not in issue, but only what the legal expenses and legal charges were. *See id.* at 853. The facts to be proven—legal expenses and hours of legal work—were facts independent of any writing. *See id.* The oral testimony of Nangle as to the expenses incurred and the hours of time expended on legal matters for Brockman was primary evidence of those facts. *See id.* Brockman was not prejudiced by any imperfection in the proof of the expenses and hours spent on legal matters by the summaries, because the oral proof sufficed to establish the fact. *See id.*

As to Brockman's objection that the underlying records were not made available to her or to the court, the record does not support this argument. During the cross-examination of Nangle by Brockman's counsel, the following colloquy occurred regarding the availability of the records to Brockman:

[NANGLE]: ... [T]hese files would cover three or four banker's boxes full of— stuffed full of records when this transaction was over. And over the years, they've been squeezed down, used, and whatever.

[COUNSEL]: Pardon me, but I'm looking for three or four banker's boxes of records. You didn't bring those—

[NANGLE]: You looked at least two to three of them when you were in my office less than a year ago.

[COUNSEL]: I was in your office, that's right.

[NANGLE]: Right. And there were two or three banker's boxes stuffed full of records when you were there.

[COUNSEL]: And I didn't find the records I was looking for then anymore than I find them now.

[NANGLE]: You didn't ask for them, but the time records were right on the top, including all the scribbled notes back in 1985. They were there.

In addition, Nangle made the following response to Brockman's first request for production of documents:

To the extent these documents are within the possession or under the control of Plaintiff, the nonprivileged documents and things called out in these requests will be produced at [Nangle's office] at a date/time reasonably and mutually agreed upon in advance by counsel for Defendant and counsel for Plaintiff. Copies are not provided in this response because the documents/things are voluminous.

The summaries were properly admitted into evidence. Brockman's first point is denied.

In her second point, Brockman asserts the trial court committed plain error when it submitted the claims for legal fees to the jury on two theories: Instruction No. 7 submitted the claim based upon the express contingent fee agreement and Instruction No. 12 submitted the quantum meruit claim. We have reviewed this point on appeal and find that no error of law appears. An opinion would have no precedential value. Point denied. Rule 84.16(b).

In her third point, Brockman charges error in the trial court's award of prejudgment interest on the contingent fee count pursuant to Section 408.020, RSMo (1994).[4] She

---

4. Section 408.020, RSMo (1994) provides as follows:

Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after

claims the damages were unliquidated and were not ascertainable by reference to a recognized standard. She argues that the contingent fee agreement provided that the attorney's fee will be "10% of any amount obtained" and that the "amount obtained" was an unclear measure of damages.

■ Nangle first asserts Brockman failed to preserve this claim of error for appellate review because she did not raise this claim in her motion for new trial. Brockman filed a motion which she styled a "MOTION FOR NEW TRIAL, AND ALTERNATIVE MOTION TO ALTER OR AMEND JUDGMENT AND/OR FOR REMITTITUR" and broke her arguments into two sections based upon her alternative arguments. In the section captioned "ALTERNATIVE MOTION TO ALTER OR AMEND JUDGMENT AND/OR FOR REMITTITUR," she challenged the trial court's award of prejudgment interest on the contingent fee claim and requested the trial court to set aside that award. Because Brockman's motion raised errors of fact and law alleged to have been made by the trial court, it is, in substance, a motion for new trial. *See Miller v. Enyeart*, 893 S.W.2d 901, 903 (Mo.App. W.D.1995). Brockman's claim is thus preserved for appellate review.

■ Although the general rule is that prejudgment interest is not recoverable on an unliquidated demand, Missouri courts have subjected this rule to various interpretations and exceptions. Courts have recognized an exception where the amount of damages is ascertainable by computation or by any recognized standard. *Unlimited Equipment Lines, Inc. v. Graphic Arts Centre, Inc.*, 889 S.W.2d 926, 940 (Mo.App. E.D. 1994). The exception is recognized even if there is a dispute over monetary value or the parties' experts compute different estimates of damage. *Id.*

■ In the instant action, the damages were readily ascertainable by recognized standard. The market value of the real property could be established by appraisal as of the date the property was titled in Brockman's name. That the value of the property was contested or was dependent upon expert testimony did not preclude the award of prejudgment interest. *See id.* The trial court did not err in awarding prejudgment interest on the contingent fee count. Brockman's third point is denied.

In her final point, Brockman asserts the trial court erred in awarding prejudgment interest on Nangle's quantum meruit count. She argues Nangle did not make sufficient demand for the amount claimed as fees for the work performed outside the contingent fee agreement.

■ Section 408.020 allows creditors to receive prejudgment interest on liquidated claims after demand for payment is made. *Transamerica Ins. Co. v. Pennsylvania Nat'l Ins. Companies*, 908 S.W.2d 173, 177 (Mo. App. E.D.1995). A demand for payment may be made any time after the debt becomes due. *Id.* If a demand for payment was not made prior to filing of a lawsuit, then the filing itself constitutes a demand. *Id.* Although the demand need be in no certain form, it must be definite as to amount and time. *Id.* Generally, prejudgment interest is not warranted when the debtor is unaware of the amount owed. *Id.*

■ In this case, Nangle made no demand prior to filing his action that Brockman pay him on an hourly basis for time spent on matters not related to the contingent fee contract. Although Nangle testified that he verbally asked Brockman to pay the amount due under the contingent fee agreement, he neither requested payment nor sent a bill to Brockman for the work he claimed he performed extraneous to the contingent fee agreement.

Nangle's petition also did not meet the requirement that it be specific as to time and amount in order to constitute a demand. Here, under his breach of the express contingent fee contract count (Count I), Nangle pleaded damages as follows: "As a direct

---

they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

result of [Brockman's] material breach of Contract terms, Nangle was directly and proximately caused to suffer damages of approximately $418,675.00 ... consisting of (a) Contract attorney's fee of $217,500.00, (b) *Section 408.020, R.S.Mo. interest of $176,-175.00* ... and (c) client expenses of $25,-000.00." Under his quantum meruit count (Count II), he again pleaded the following damages: "As a direct result of [Brockman's] failure to pay Nangle the reasonable value of Nangle's services, Nangle was directly and proximately caused to suffer damages of approximately $418,675.00 ... consisting of (a) attorney's fee of $217,500.00, (b) *Section 408.020, R.S.Mo.* interest of $176,175.00 ... and (c) client expenses of $25,000.00." The allegations in both counts of Nangle's petition regarding the amount due and payable to him were identical to each other and gave Brockman no indication prior to trial that Nangle was seeking attorney's fees for work performed outside the contingent fee agreement. The filing of the suit, therefore, did not constitute a demand sufficient to entitle Nangle to the recovery of prejudgment interest on his quantum meruit claim. The pleadings were not definite as to amount and time of the hourly bill and there was no evidence that Brockman was aware of the amount owed until just prior to trial. The trial court erred in awarding prejudgment interest on Nangle's quantum meruit count. Brockman's fourth point is granted.

The judgment awarding prejudgment interest in the amount of $4,766.83 on Nangle's quantum meruit claim is reversed. The judgment of the trial court in all other respects is affirmed.

AHRENS, P.J., and KAROHL, J., concur.