AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Appellant,

v.

Erik BRAMLETT, a Minor, by and Through his Father and Next Friend David BRAMLETT, David Bramlett, Individually, Respondents,

Kenneth and Elizabeth
Cole, Defendants,

Montgomery Ward and Co.,
Inc., Respondent.

No. WD 56602.

Missouri Court of Appeals,
Western District.

June 6, 2000.

Motion For Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 2000.

Application for Transfer Denied Dec. 5, 2000.

Rodney Allen Ames, Kansas City, for appellant.

Donald W. Vasos, Shawnee, for respondents.

Jon M. Krebbs, Liberty, for defendants.

Karen William, James Foland, Jr., for respondent.

Before HOWARD, P.J., ULRICH and SMART, JJ.

ROBERT G. ULRICH, J.

American Family Insurance Company (American Family) filed a declaratory judgment action seeking judgment that it was not liable for injuries sustained by Erik Bramlett under a homeowner's insurance policy issued by American Family to Kenneth and Elizabeth Cole. Final judgment was rendered against American Family. In its sole point on appeal, American Family contends the trial court erred in finding that the Coles' homeowner's policy afforded liability coverage for injuries sustained by Erik Bramlett because coverage was excluded under the business pursuits exclusion of the policy. The judgment of the trial court is affirmed.

This appeal arises out of a declaratory judgment action in which American Family sought judgment declaring that it is not required to indemnify Kenneth and Elizabeth Cole under the homeowner's insurance policy issued by American Family to the Coles for injuries sustained by Erik Bramlett, a minor, while he was on the Coles' property. The stipulated facts acknowledged that Erik was injured on the Coles' property while he was under the care and supervision of Elizabeth Cole.

The parties stipulated before the trial court that Elizabeth Cole regularly provided home day care services for Erik Bramlett and that at the time of the accident that caused Erik's injuries, Erik was utilizing Mrs. Cole's services as a day care provider. Mrs. Cole received compensation from Erik Bramlett's parents in exchange for her day care services. The parties agreed that the home day care service provided by Mrs. Cole was a business pursuit under the terms of the insurance policy.

While under the care of Mrs. Cole on March 16, 1995, Erik sustained injuries to his foot when he came into contact with a lawnmower being operated by Mrs. Cole's husband, Kenneth Cole. At the time of the accident, both Mr. and Mrs. Cole were named insureds under the homeowner's policy, and the policy was in full force and effect. Mr. Cole was not paid by any person for mowing the lawn of his residence before, during or after the accident, and his decision to mow the lawn was not related to or in any way predicated upon the fact of Erik's presence. The parties acknowledged that Mrs. Cole was exclusively in charge of caring for Erik, but in the Bramletts' underlying suit against Mr. Cole, the Bramletts did not allege either that Mrs. Cole was negligent in supervising Erik or that her conduct or inattention caused the injuries suffered by Erik.

The homeowner's policy contained the following coverage exclusion and exception: "We will not cover bodily injury or property damage arising out of business pursuits ... except ... [for] activities which are normally considered non-business...." The policy defined the term "business" to mean "any profit motivated full or part-time employment ... or occupation and including the use of any part of any premises for such purposes. The providing of home day care services to other than insureds, for which an insured receives monetary or other compensation for such services is also a business."

American Family contended that under the business pursuits exclusion set forth in the policy, it was not obligated to provide liability coverage for the injuries sustained by Erik Bramlett because the injuries arose out of Mrs. Cole's day care business. Defendants argued that coverage should be extended for Erik's injuries based upon the non-business exception to the exclusion that is provided in the policy because Mr. Cole's act of mowing the lawn was not for profit, was in no way related to Mrs. Cole's day care business, and was normally considered a non-business activity.

The court entered its Final Judgment and Order in favor of Defendants on October 13, 1998, finding that the non-business exception to the business pursuits exclusion applied to afford the Coles liability coverage for Erik's injuries. This appeal followed.

■ In its sole point on appeal, American Family contends the trial court erred in finding that the Coles' homeowner's policy provides liability coverage for the injuries sustained by Erik Bramlett because coverage was excepted under the business pursuits exclusion set forth in the policy.

■ Because the instant case was submitted to the trial court on a stipulation of uncontroverted facts, the determination of the trial court is considered a judgment on the merits. *Cappo v. Allstate Life Ins. Co.*, 809 S.W.2d 131, 132–133 (Mo.App. W.D.1991). As such, the decision of the trial court will be affirmed on appeal unless no substantial evidence supports it, it is against the weight of the evidence, it

erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The interpretation of the meaning of an insurance policy is a question of law. *Wood v. Safeco Ins. Co. of America*, 980 S.W.2d 43, 48 (Mo.App. E.D.1998). When reviewing an insurance policy, the policy is given a reasonable construction and interpreted so as to afford rather than defeat coverage. *Farm Bureau Town & Country Ins. of Missouri v. Hilderbrand*, 926 S.W.2d 944, 947 (Mo.App. W.D.1996). Policy provisions designed to restrict, limit or impose exceptions or exemptions on insurance coverage are strictly construed against the insurer. *Id.*

■ Where an insurance company seeks to avoid coverage under a policy exclusion, the insurer has the burden of proving the applicability of the exclusion. *State Farm Fire & Cas. Co. v. D.T.S.*, 867 S.W.2d 642, 644 (Mo.App. E.D.1993) (citing *Truck Ins. Exchange v. Heman*, 800 S.W.2d 2, 4 (Mo. App. W.D.1990)). Because American Family was seeking to deny coverage under the business pursuits exclusion within the homeowner's policy, it had the burden of proving that the activity that caused Eric's injury arose out of a business pursuit and that such activity was not normally considered non-business. If the activity that caused the injury was normally considered non-business, the business pursuits exclusion was negated, and American Family was obligated to indemnify the policy holder to the limits of the policy for the damages sustained by Erik as a result of the incident.

The policy in the instant case defined a business as either full or part-time employment that is profit motivated or the use of any part of any premises for such purposes. The policy specifically stated that home day care services for which an insured receives monetary or other compensation is a business as defined by the policy. The policy did not, however, define what activities are considered non-business activities.

■ When construing an insurance policy, courts should interpret the policy language in a manner that is consistent with the reasonable expectations, objectives, and intent of the parties. *Krombach v. Mayflower Ins. Co., Ltd.*, 785 S.W.2d 728, 731 (Mo.App. E.D.1990). The words utilized in an insurance policy are given their plain meaning. *Id.* Analysis of the exclusion clause and the exception to it reflects that the policy language excludes from coverage the business of operating a day care center. Injury resulting from the operation of a day care service operated for money or other compensation, therefore, is not covered under the policy. The exception is that if injury results from an incident unrelated to the day care business.

■ The business of the day care facility in this case was to provide supervision of the children attending. Thus, injury to a child attending the day care business that resulted from a failure of the business to properly supervise the child was not covered by the American Family homeowner's policy. Injury to a child attending the day care business that was not caused by the failure of the business to properly supervise the child was covered by the policy. For example, if a child, present to benefit from the day care business for which compensation is provided and under the supervision of the day care provider, were injured because of a previously unknown defect in the structure of the building in which the day care business operated, the policy would cover the incident because the injury was not the result of the failure of the day care provider to supervise the child.

This analysis is consistent with the several Missouri cases that have addressed the non-business activity exception to the business pursuits exclusion in the context of a home day care facility. *See, eg., American Family Mut. Ins. Co. v. Moore*, 912 S.W.2d 531 (Mo.App. W.D.1995); *Maryland Cas. Co. v. Hayes*, 827 S.W.2d 275

(Mo.App. E.D.1992); *Safeco Ins. Co. v. Howard,* 782 S.W.2d 658 (Mo.App. E.D. 1989). In *American Family Mutual Insurance Company v. Moore,* a child in the care of Marsha Moore for which compensation was paid was bitten by a dog owned by Ms. Moore's husband and son. *Moore,* 912 S.W.2d at 532. Ms. Moore and her husband were insured by a homeowner's policy issued by American Family. *Id.* American Family filed a declaratory judgment action seeking to establish that the business pursuits exclusion was applicable. *Id.* Summary judgment was entered in American Family's favor. *Id.* On appeal, the Moores argued that because Ms. Moore's husband and son were not engaged in a business pursuit in their ownership of the dog, the non-business pursuits exception applied to provide coverage. *Id.* at 535.

Evidence was introduced in the case regarding the dog's vicious character and the tendency of Ms. Moore to allow the dog in proximity to the day care children. *Id.* at 535–536. The court found, relying on such evidence, that because the dog was taught to engage in prey behavior and to be aggressive and dominant, it had dangerous propensities with a tendency to injure people. *Id.* at 535. The court held that although owning or harboring a dog may be an activity that is usually incident to a non-business pursuit, because Ms. Moore introduced a dog with vicious propensities into the day-care environment in close proximity to small children who were on the premises pursuant to a business pursuit, the ownership of the dog under the circumstances was not an activity within the definition of the non-business pursuits exception. *Id.* at 536.

In *Maryland Casualty Company v. Hayes,* Helen Hayes provided babysitting services for compensation to the Hills' two children. *Hayes,* 827 S.W.2d at 276. While Ms. Hayes was in the kitchen preparing tea for herself and oatmeal for one of the children, she spilled boiling tea water on the other child, who was playing on the floor. *Id.* Maryland Casualty filed a petition for declaratory judgment to deter-

mine the question of coverage under a homeowner's policy it issued to Ms. Hayes. *Id.* at 275. Ms. Hayes' homeowner's policy contained the standard business pursuits exclusion and the exception for non-business activities. *Id.* at 276. The trial court ruled that there was no coverage under the policy because Ms. Hayes' activities were not activities which were usual to non-business pursuits. *Id.* In affirming the trial court's judgment, the Eastern District found that although the preparation of one's own lunch is generally considered a non-business activity, the business pursuits exclusion applied and the exception to the exclusion did not in this case because the preparation of lunch was contemplated by the parties as part of Ms. Hayes' day care services. *Id.* at 278. Ms. Hayes allowed the children to be in the vicinity of her pouring hot water, and the resulting injuries involved both her failure to supervise the child by keeping her out of danger and her preparation of food for the child as a part of the day care business. *Id.*

In *Safeco Insurance Company v. Howard,* Janet Howard operated a babysitting service for compensation within her home. *Howard,* 782 S.W.2d at 658. Her teenage son, who lived with her in the home, was convicted of molesting several of the young children under Ms. Howard's care, and the parents of the children sued Ms. Howard for her failure to properly supervise her son in the presence of the children. *Id.* at 658–659. Safeco filed a declaratory judgment action claiming the homeowner's policy issued to Ms. Howard did not cover the negligence claim. *Id.* at 659. Safeco's policy also excluded bodily injury arising out of business pursuits except for activities that were ordinarily incident to non-business pursuits. *Id.* The trial court found coverage. *Id.* at 658. On appeal, the Eastern District held that the activity that caused the injury to the children was Ms. Howard's failure to supervise her son around the children, ordinarily incident to the day care business and not ordinarily incident to non-business pursuits. *Id.* at 659–660.

In each of these three cases, specific evidence was offered to show that under the circumstances, an activity that generally would be considered non-business (ownership of a dog or preparation of one's lunch) constituted an activity incident to a business pursuit because the activity was related to the failure of the day care provider, in the business of providing day care services, to properly supervise the child attending the day care facility. The underlying tenet in *Moore, Hayes,* and *Howard* was that the business of day care for profit enterprises is supervision of children, and the condition causing injury in these cases, while generally considered a non-business activity, was introduced by the failure of the day care provider to adequately supervise the children attending the day care business. Thus, in this case, if the injury to Erik Bramlett ultimately arose out of Mrs. Cole's failure to properly supervise Erik, the injury was not covered by the American Family homeowner's policy.[1]

■ American Family failed, however, to meet its burden of proving that the business pursuits exclusion of the policy applied. Because American Family was seeking to deny coverage under the policy, it had the burden of proving that the activity that caused Erik's injury arose out of a business pursuit and that such activity was not normally considered non-business. While the uncontroverted facts stipulated by the parties showed that Erik was injured while being provided home day care services by Mrs. Cole when he came into contact with the lawn mower being operated by Mr. Cole, the stipulated facts were silent on the issue of whether Erik's injuries were caused by Mrs. Cole's failure to properly supervise the child. In fact, the parties stipulated that American Family did not even allege in its petition for declaratory judgment that Mrs. Cole was in any way negligent or otherwise caused Erik's injuries. American Family had the burden of proving that Mr. Cole's mowing the lawn, an activity that generally may be considered non-business, constituted an activity incident to a business pursuit because it related to the failure of Mrs. Cole to properly supervise the child in the course of her business of providing day care services to Erik. American Family did not meet this burden. Therefore, the judgment is affirmed.

HOWARD, P.J. and SMART, J. concur.

---

1. In the underlying case, Eric and David Bramlett sued Mr. Cole and not Mrs. Cole, attempting to avoid the exclusion clause because it expresses the intent to deny coverage when damage results from day care services provided as a business. Mrs. Cole and not Mr. Cole operated the business. By suing Mr. Cole only, the plaintiffs attempted to sever the insureds, thereby focusing only on Mr. Cole's use of the lawn mower, a non-business activity, as the cause of Erik's injury. The exclusion clause, however, unambiguously expresses the intention to exclude from coverage all insureds when damage results from the business pursuit of operating a day care business on the premises. *Moore,* 912 S.W.2d at 534. Mrs. Cole's failure to supervise, therefore, cannot be avoided as a legal issue where that failure is the cause of Erik's injury even though Mrs. Cole is not a named party to the suit, and where, as here, the policy under which recovery is sought listed both Mr. And Mrs. Cole as insureds and contained a business pursuits exclusion clause.