Joyce JABLONSKI, Respondent,

v.

BARTON MUTUAL INSURANCE
COMPANY, Appellant.

No. WD 68814.

Missouri Court of Appeals,
Western District.

July 14, 2009.

Stephen D. Manz, Esq., and Theresa S. Hall, Esq., Kansas City, MO, for appellant.

John H. Edmiston, Esq., Warrensburg, MO, for respondent.

Before DIVISION TWO: LISA WHITE HARDWICK, Presiding Judge, HAROLD L. LOWENSTEIN and VICTOR C. HOWARD, Judges.

LISA WHITE HARDWICK, Judge.

Barton Mutual Insurance Company ("Barton") appeals from a judgment awarding damages to Joyce Jablonski for breach of her homeowner's insurance policy. Barton contends the circuit court erred in: (1) failing to grant a directed verdict based on the insurance policy's "business property" coverage limit; (2) admitting the insurance policy into evidence; and (3) awarding prejudgment interest. For reasons explained herein, we find no error and affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

Joyce Jablonski is a professor of art at the University of Central Missouri (UCM). In addition to teaching for the past fourteen years, Jablonski creates ceramic sculpture artwork at her home.

Jablonski was invited to present a solo exhibition of her ceramics at the Daum Museum of Contemporary Art in Sedalia. To prepare a catalog for the exhibition, Jablonski moved twenty-two pieces of artwork from her home to a commercial building for photographing. On May 25, 2004, a fire consumed the building and destroyed all of the artwork, valued at $69,900.

Jablonski made a claim, under her homeowner's insurance policy with Barton, for the full value of the artwork. The Barton policy provided coverage for her personal property up to a total limit of $97,500. Barton declined to pay the full amount of the claim based on language in the policy limiting "business property" losses to $2,500. The policy defined "business" as "a trade, a profession or an occupation including farming, all whether full or part-time." Citing this business property limitation, Barton paid Jablonski $2,500 for the loss of the artwork.

Jablonski filed a Petition for Damages, alleging that Barton breached the insurance contract by failing to pay the full value of the artwork. Barton asserted an affirmative defense to the damages claim based on the insurance policy's $2,500 limit on business property losses. In a motion for summary judgment, Barton argued the court should determine as a matter of law that the artwork was subject to the business property exception. The court denied the motion, concluding that a factual dispute existed as to whether Jablonski's home-based artistry constituted a business.

The case proceeded to a jury trial. At the close of evidence, the circuit court denied Barton's motions for directed verdict. The jurors were instructed to find in favor of Jablonski if they believed that Barton issued a policy to Jablonski covering loss of her personal property due to fire, that her property was damaged by fire, and that the policy was in force on the date of the loss. The jurors were further instructed that their verdict must be for Barton if they believed the artwork was business property, as defined in the policy.

The jury found in favor of Jablonski and awarded $66,900 on her breach of contract claim. The court entered judgment on the verdict and awarded Jablonski $14,307.35 in prejudgment interest. The court denied Barton's motion for judgment notwithstanding the verdict or for new trial. Barton appeals.

## ANALYSIS

### 1. Motions for Directed Verdict

■ Barton contends the circuit court erred in failing to grant its motions for directed verdict on the affirmative defense. Barton asserts there were no factual issues in dispute, and the court should have determined as a matter of law that Jablonski's artwork was "business proper-

ty" subject to a $2,500 limitation in the homeowner's insurance policy. Jablonski responds that her testimony at trial presented a clear dispute as to whether her artwork was business property and, thus, the matter was properly submitted for jury determination.

On appeal from the denial of a motion for directed verdict based on an affirmative defense, we review to determine if the moving party proved the defense as a matter of law. *Townsend v. E. Chem. Waste Sys.*, 234 S.W.3d 452, 462–63 (Mo.App.2007). That means a directed verdict cannot be granted unless there are no factual issues remaining for the fact finder as to the affirmative defense. *Id.* at 463. In assessing that question, if contradictory or different conclusions can be drawn from the evidence, it is considered a question of fact for the jury to decide. *Id.*; *Reed Stenhouse, Inc. of Mo. v. Portnoy*, 642 S.W.2d 947, 951 (Mo.App.1982); *Shaffner v. Farmers Mut. Fire Ins. Co. of St. Clair County*, 859 S.W.2d 902, 904 (Mo. App.1993).

At trial, Barton presented the "business property" limitation as an affirmative defense to the breach of insurance contract claim. The homeowner's policy provided coverage for the loss of Jablonski's personal property up to $97,500, but it also set a limit of $2,500 for the loss of property relating to a business. The policy defined "business" as "a trade, a profession or an occupation including farming, all whether full or part-time."

To prevail on the affirmative defense, Barton had the burden of proving that Jablonski's artwork resulted from a business endeavor and was thereby excluded from the greater coverage limit applicable to personal property. *Century Fire Sprinklers, Inc. v. CNA/Transp. Ins. Co.*, 23 S.W.3d 874, 879 (Mo.App.2000). In considering whether an insured is engaged in "business" activities, our courts generally look for evidence of a "requisite profit motive and business continuity." *Sanders v. Wallace*, 884 S.W.2d 300, 303 (Mo.App. 1994) (*quoting Safeco Ins. Co. v. Howard*, 782 S.W.2d 658, 659 (Mo.App.1989)).

In support of the affirmative defense, Barton presented evidence that Jablonski has exhibited and sold pieces of her artwork. Jablonski participated in more than 100 art shows and exhibits, where her ceramic sculptures were often available for sale. She worked with an art dealer and provided various museums and galleries with price lists for her artwork. Barton also argued that Jablonski's prolific artistry was a significant factor in her promotion from assistant professor to a fully-tenured position at UCM.

Jablonski countered this defense by testifying that she did not create ceramic artwork with the intention of selling it. She explained that she earns her living as a professor at UCM. She considers teaching to be her profession and produces her artwork at home without a profit motive. She has been creating art since the second grade and has had a lifelong passion of working artistically with her hands. At times, she uses her ceramics for demonstration purposes in the classroom, but she is not required to create artwork as part of her job at UCM.

Jablonski also testified that she has participated in many shows and exhibits as a way of seeking artistic recognition. She generally provides a price list of her artwork for insurance purposes. She has sold the artwork on an infrequent basis; approximately nine times in the twenty-six years she has participated in exhibits. She does not advertise her pieces for sale, and she does not have a website to display her work.

The parties presented conflicting evidence as to whether Jablonski created her artwork for business purposes. Consequently, the facts were disputed as to whether the artwork was subject to the "business property" limitation under the homeowner's policy. This dispute raised a factual question that could only be resolved by the factfinder. Accordingly, the circuit court did not err in denying Barton's motions for directed verdict. The issue was properly submitted for jury determination. Point I is denied.

### 2. Admissibility of Insurance Policy

■ In Point II, Barton contends the circuit court erred in overruling its objections to the admission of the homeowner's insurance policy into evidence. Barton argues that the terms of the policy were not relevant to any issue before the jury and that the admission of the evidence was improper and prejudicial because it allowed the jury to make the legal determination as to whether there was coverage under the policy terms.

■ The trial court is vested with broad discretion in determining whether certain evidence is admissible. *Rinehart v. Shelter Gen. Ins. Co.*, 261 S.W.3d 583, 589 (Mo.App.2008). Consequently, we will not disturb its rulings absent a clear abuse of that discretion. *Id.* An abuse of discretion occurs when the ruling is clearly against the logic of the circumstances and so unreasonable that it shocks our sense of justice and indicates a complete lack of careful consideration. *Id.* Even if the policy at issue was improperly admitted, we will not reverse absent a showing of prejudice from its admission, materially affecting the merits of the case. *Id.* Accordingly, Barton has the burden of showing that the admission of the insurance policy was both an abuse of discretion and prejudicial. *Id.*

Barton's challenge to the admissibility of the insurance policy is closely linked to its argument in Point I. Barton asserts that the circuit court should have determined the applicability of the business property limitation as a matter of law, and thus, the jury had no need to consider any evidence relating to interpretation of the policy language. However, as we concluded in Point I, the evidence regarding the applicability of the business property exception was disputed, and the issue of coverage was properly submitted as a fact question for the jury. In light of this holding, Barton's arguments in Point II must fail because the insurance policy was admissible to prove or disprove facts stated in the verdict director: that there was a policy in effect on personal property covering loss due to fire on the date of the loss. We find no abuse of discretion. Point denied.

### 3. Prejudgment Interest

■ In Point III, Barton contends the circuit court erred in awarding prejudgment interest in the amount of $14,307.35. Because this issue involves the application of the prejudgment interest statute, Section 408.020,[1] it is a question of law. *McKinney v. State Farm Mut. Ins.*, 123 S.W.3d 242, 245 (Mo.App.2003). Our review is *de novo* and without deference to the trial court's judgment. *Id.*

■ Barton argues the prejudgment interest award was improper because the damages were unliquidated and could not be readily ascertained by computation or any other recognized standard. The market values of Jablonski's artwork were

---

1. All statutory references are to Revised Statutes of Missouri (2000) unless otherwise noted.

largely based on her subjective opinion, and Jablonski admitted at trial that artwork can have a wide range of values depending upon who is willing to purchase the piece. An actual market value is established for artwork only when it is sold. Barton asserts the value of the artwork lost in the fire was too speculative to support a claim for prejudgment interest.

Section 408.020 permits an award of prejudgment interest "for all moneys after they become due and payable, on written contracts ... after they become due and demand of payment is made[.]" Three requirements must be met before such interest can be awarded on a claim: "(1) the expenses must be due; (2) the claim must be liquidated or the amount of the claim reasonably ascertainable; and (3) the obligee must make a demand on the obligor for the amount due." *Lucent Techs., Inc. v. Mid–West Elecs., Inc.,* 49 S.W.3d 236, 246 (Mo.App.2001).

A prevailing party is not entitled to prejudgment interest on unliquidated damage claims because the defending party does not know the amount owed and, thus, is not in default for failing to pay. *Children Int'l v. Ammon Painting Co.,* 215 S.W.3d 194, 203 (Mo.App.2006). As a general rule, damages are liquidated when the amount due is "fixed and determined or readily ascertainable by computation or a recognized standard." *J.R. Waymire Co. v. Antares Corp.,* 975 S.W.2d 243, 248 (Mo. App.1998). Our court has recognized that damages may be ascertainable even if there is a dispute over monetary value or the parties' experts compute different estimates of the loss. *Nangle v. Brockman,* 972 S.W.2d 545, 550 (Mo.App.1998) (damages were liquidated where the market value of the real property was established by appraisals, even though the appraisals differed and were contested); *City of Sullivan v. Truckstop Rests. Inc.,* 142 S.W.3d

181, 196 (Mo.App.2004) (damages were liquidated where plaintiffs' expert made several different calculations before reaching the final set of damage computations and defendants failed to offer any alternative methods or estimates). The mere fact that a party denies liability or defends against a claim does not preclude the recovery of prejudgment interest. *Twin River Constr. Co. v. Pub. Water Dist. No. 6,* 653 S.W.2d 682, 695 (Mo.App.1983).

Here, Barton does not dispute that payment is due under the insurance contract or that Jablonski made a demand for payment. Barton argues only that the damages claim was unliquidated because the value of the artwork was not fixed and determined. However, Jablonski presented a written demand for payment of her artwork valued at $69,600. That valuation was later supported at trial by the testimony of two experts: an art dealer and the director of an art museum. Courts have long relied upon expert appraisals to determine property damage claims and have even found such claims were liquidated for the purposes of prejudgment interest. *Nangle,* 972 S.W.2d at 550. Based on the testimony of the art experts, the value of Jablonski's artwork was readily ascertainable by recognized standards.

Under the homeowner's insurance policy, Jablonski was entitled to payment for the value of her damaged property. Thus, as we recently held in *Columbia Mutual Insurance Co. v. Long,* 258 S.W.3d 469, 480 (Mo.App.2008), "the amount due was fixed, by the insurance policy itself," as the value of her artwork. The mere fact that Barton sought to limit coverage under the business property exception did not convert Jablonski's claim into one for unliquidated damages. From the date Jablonski reported her loss, Barton was in a position to conduct a full investigation into the loss, including an independent assessment of

the value placed on her artwork. Barton presented no evidence at trial to refute the opinions of Jablonski or her experts concerning that value. Under these circumstances, the record is sufficient to support the award of prejudgment interest based on a fixed and readily determinable value of the property loss. Finding no error, we deny Point III.

### CONCLUSION

We affirm the circuit court's judgment.

All Concur.