Thomas H. Newton, Presiding Judge
Ronald Barker, P.C. (hereinafter Law Firm) appeals a Jackson County Circuit Court judgment denying its motion to amend the judgment nunc pro tunc and requested pre-judgment interest on Counts V and IX of its quantum meruit claims. According to the Law Firm, the pre-judgment interest should be calculated at a rate of nine percent beginning April 14, 2011, for Count V and May 14, 2011, for Count IX. We reverse and remand for further proceedings.
Law Firm provided legal services to Mr. Douglas B. Walkenhorst and Ms. Kathy L. Walkenhorst from approximately June 3, 2010, to January 7, 2012. Mr. Ronald Barker (sole practitioner of Law Firm) was disbarred effective February 15, 2012. (See In re Ronald K. Barker , SC92044). On July 10, 2015, Law Firm filed its petition for damages against the Walkenhorsts for breach of contract (Counts I & II), an action on open account (Count III), an action on an account stated (Count IV), and an action in quantum meruit (Count V), along with Mr. Barker's affidavit. On September 15, 2015, the Law Firm filed an amended petition adding K and D Transportation, LLC as a defendant and alleging breach of contract, an action on open account, an action on an account stated, and an action in quantum meruit. All the defendants were served with the amended petition and Mr. Barker's affidavit on October 5, 2015.
Defendants did not timely file answers but did request a jury trial, and the case was transferred to the Circuit Court Division *784 on January 6, 2016, where it was scheduled for a jury trial on December 13, 2016.
In November 2016, the Law Firm filed a motion for judgment on the pleadings and asserted that there were no facts for the jury to determine because the defendants had failed to file counter-affidavits when given leave to file an answer to the amended petition and Mr. Barker's affidavit. In December 2016, the defendants filed a motion in opposition to the motion for judgment on the pleadings and claimed, among other things, that the Law Firm's motion was untimely as it was filed more than six months after the cutoff in the court's scheduling order. On December 22, 2016, the court entered judgment in favor of the Law Firm on Counts V and IX, finding that the affidavit submitted by the Law Firm under section RSMo 490.525 proved that the defendants had requested the services of the Law Firm, that the services were of reasonable value, and that the defendants had refused to pay for those services after receiving demands from the Law Firm.[1] The Walkenhorsts were ordered to pay the Law Firm $15,851.00 and K and D Transportation, LLC was ordered to pay $578.59 with interest accruing at nine percent from the date of the judgment.
On January 10, 2017, the Law Firm filed a motion to amend the judgment nunc pro tunc and requested an award of pre-judgment interest on both quantum meruit claims. On January 20, 2017, the Defendants filed suggestions in opposition of the motion and filed a notice of appeal to this court (See Barker v. Walkenhorst , 533 S.W.3d 792 (Mo. App. W.D. 2017)). The trial court failed to rule on the motion to amend judgment within the 90 days (by April 11, 2017) prescribed by Rule 78.06. Despite no longer having jurisdiction, the trial court officially denied the motion to amend judgment on April 20, 2017. The Law Firm appeals.[2]
Legal Analysis
In the sole point on appeal, the Law Firm argues that the trial court erred in failing to award pre-judgment interest on its liquidated quantum meruit claims. A denial of a motion to amend judgment is reviewed for abuse of discretion. Palmer v. Union Pacific R.R Co. , 311 S.W.3d 843, 851 (Mo. App. E.D. 2010). "A circuit court abuses its discretion when its ruling shocks the sense of justice, shows lack of consideration, and is obviously against the logic of the circumstances."
*785 Heckadon v. CFS Enters., Inc. , 400 S.W.3d 372, 380 (Mo. App. W.D. 2013).
To prevail on a claim for quantum meruit , the Law Firm must demonstrate: "(1) that [it] provided the [Defendants] services at the [Defendants'] request or with their acquiescence; (2) the services [provided] were of a certain and reasonable value; and (3) the [Defendants] refused to pay for such services after demand" by the Law firm. Moran v. Hubbartt , 178 S.W.3d 604, 609 (Mo. App. W.D. 2005) (citation omitted). The trial court analyzed the Law Firm's petition and affidavit and determined that all of the elements were met for both quantum meruit claims.
Pre-judgment interest is awarded under section 408.020 "for all moneys after they become due and payable ... and demand of payment is made." Jablonski v. Barton Mut. Ins. Co. , 291 S.W.3d 345, 350 (Mo. App. W.D. 2009). The interest will be awarded after three requirements have been satisfied: "(1) the expenses must be due; (2) the claim must be liquidated or the amount of the claim reasonably ascertainable; and (3) the obligee must make a demand on the obligor for the amount due." Id. (citations omitted).
Here, the trial court concluded that the following facts were not in dispute: (1) "legal services were rendered and expenses [were] incurred on behalf of Defendants"; (2) "the services provided were necessary, and the amounts charged were necessary, and the amounts charged were reasonable as to the services referenced in Count V and Count IX (the quantum meruit claims)"; and (3) "[t]he exhibits attached to the affidavit establish[ed] that Defendants failed to pay for the provided services after Plaintiff demanded payment." (emphasis added). According to the order granting the judgment on the pleadings, all of the requirements have been met to support the Law Firm's claim for pre-judgment interest.
Conclusion
The Law Firm has demonstrated that it is entitled to pre-judgment interest on both quantum meruit claims. We reverse and remand for further proceedings.
Victor C. Howard, and Karen King Mitchell, JJ. concur.

The court denied Counts I, II, III, IV, VI, VII, and VIII because the requested relief was granted on Counts IV and IX.

There was a question of timeliness for this appeal. Although the motion to amend judgment had nunc pro tunc in its title or style, we will treat it as an authorized after-trial motion to amend the judgment. An authorized after-trial motion is one that is "directed towards errors of fact or law in the trial." State v. Carter , 202 S.W.3d 700, 705 (Mo. App. W.D. 2006). "Missouri law requires [this Court] to treat motions based upon the allegations contained in the motion regardless of the motion's style or form."Payne v. Markeson, 414 S.W.3d 530, 538 (Mo. App. W.D. 2013). "In determining whether a motion is an authorized after-trial motion, Missouri courts have looked not to the nomenclature employed by the parties, but to the actual relief requested in the motion." Berger v. Cameron Mut. Ins. Co. , 173 S.W.3d 639, 641 (Mo. Banc 2005). Here, the Law Firm's motion to amend judgment was filed within the 30 days prescribed by Rule 78.04 and requested that the trial court amend the judgment to include pre-judgment interest. This is substantively a motion to amend making it an authorized after-trial motion. Given that it was an authorized after-trial motion, the notice of appeal was not due until April 21, 2017, the Law Firm filed its notice on April 20, 2017, making it timely.